FLORANCE *vs.* M'FARLANE.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

The general issue dispenses with proof of the signature of the defendant, who is sued alone as maker of a note, but not that of the payee and first endorser.

Where the judgment of the inferior court states, that "the plaintiff proved all his allegations," and there is no proof of the signature of the first endorser in the record, the case will be remanded for another trial.

This is an action against the defendant as the maker of a note, payable to the order of Henry H. Marks, and by him endorsed in blank.

The defendant pleaded a general denial; and upon the production of the note and protest in evidence, there was judgment against him.

The judge states, in his judgment, that the plaintiff proved all the allegations in his petition; but there is no evidence in the record of the signature of the payee and endorser.

The defendant appealed.

*Josephs,* for the plaintiff and appellee.

*Durant,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

The defendant, sued on his promissory note by an endorsee, pleaded the general issue. Judgment was given against him, and he appealed.

The plea of the general issue dispenses with proof of the signature of the defendant, but not that of the payee and first endorser. The court, in its judgment, attests that the plaintiff proved all his allegations. This circumstance does not enable us to consider the signature of the payee as proved, when no evidence of it appears in any other part of the record; but it raises such a presumption as, in our opinion, authorizes us to conclude that justice requires the case should be remanded.

The general issue dispenses with proof of the signature of the defendant who is sued alone as maker of a note but not that of the payee and first endorser.

Where the judgment of the inferior court states that "the plaintiff proved all his allegations," and there is no proof of the signature of the first endorser in the record, the case will be remanded for another trial.

EASTERN DIST.
*April*, 1840.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be annulled and reversed, and the case remanded for further proceedings according to law ; the plaintiff and appellee paying the costs of the appeal.