*Western Dist.*
*September*, 1840.

BOUTTE, F. M. C.
*vs.*
MARTIN ET AL.

Where the plaintiff fails to make out his case clearly, he must be non-suited.

So, where it did not appear that the person suing as agent, was *really such;* and that there really was a debt due and existing in favor of the plaintiff, he was non-suited.

---

### BOUTTE, F. M. C. *vs.* MARTIN ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF LA FAYETTE, THE JUDGE OF THE SIXTH PRESIDING.

The surety cannot require the creditor to sue the principal debtor, before resorting to him for payment. His remedy is, to pay the debt, and exercise the rights of the creditor against the debtor, to which he is subrogated by the payment, or proceed under *art.* 3026 of the *Louisiana Code.*

A verbal agreement, to wait until the debtor can go to a certain place to procure money, with which to pay the debt, is not such a prolongation of time, as will discharge the surety.

This is an action against Andre Martin and Alexander Arcineaux, as joint and several obligors, with one Pierre Cyprien Arcineaux, on the promissory note of the latter. The plaintiff alleges, that Martin is liable as principal, and A. Arcineaux as security, and prays judgment against them, jointly and severally, for the amount of the note.

WESTERN DIST.
September, 1840.

BOUTTE, F M. C.
vs.
MARTIN ET AL.

The defendants severed in their answers. Martin admitted his signature, and pleaded a general denial. He averred that he signed as surety, not as principal, but is no longer bound, even as surety, because the plaintiff failed to institute suit against P. C. Arcineaux, the principal, at the maturity of the note, or to secure his claim by mortgage or otherwise, as he was expressly requested to do by this defendant, who was well aware of the drawer's embarrassment; that the plaintiff expressly agreed with the principal, to give him further delay or prolongation of payment, stating, also, that he never would bring suit in any court. That the principal is now insolvent, and for the reasons and grounds herein stated, this defendant is not liable, as security on the note.

The other defendant's answer was the same in substance.

The defendant, Martin, propounded interrogatories to the plaintiff, requesting him to state whether or not this defendant did not sign the note merely as surety, and whether he (plaintiff) had not agreed, with the principal in the note, to give him longer time in which to pay it; and if he had not declared he never would sue the principal?

The plaintiff answered, that when Pierre C. Arcineaux bought his beeves, he offered the defendants as security, and he agreed, and did take them as such. He received the note in the manner in which it is signed. He considered A. Martin as security, and responsible for the debt.

To the last and principal interrogatory the plaintiff answered, that he called on Martin, and the latter advised him to see the principal and get his money, or a new note with good security. Arcineaux returned with him to Martin, and proposed that he should wait three months for his money, as he was about mortgaging his property to the bank, to get money. Plaintiff asked a new note, with security. Arcineaux replied, that he could only give him his own note, which he, plaintiff, refused, preferring to keep the old note, but said he would give him three months, if he would give him a new note, with the same security. Never said he would not sue the principal, although it was not his intention to do so.

WESTERN DIST.
September, 1840.

BOUTTE, F. M. C.
vs.
MARTIN ET AL.

The witnesses stated, Martin asked plaintiff, if he had not given Arcineaux two months to pay the note in. The latter answered, he had given him two months, or time enough to go to New-Orleans and mortgage his property to some bank for money.

2. Pierre C. Arcineaux, the debtor, [having surrendered his property, was made a witness,] says plaintiff came to him, and told him, Martin would not continue security for him any longer, that he wanted his money or a mortgage. Plaintiff then observed to witness, to go and do his business, *que je m'entient a vous,* and do not consider Martin any longer responsible. They started to town to have a mortgage executed, but it was agreed between them that no mortgage should be given; witness promising him that he was going to New-Orleans, and expected to make an arrangement with some of the banks.

There was a verdict and judgment against the defendants. Martin alone appealed.

*Voorhies,* for the plaintiff.

*Crow* and *T. H. Lewis,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

This is an action against two sureties on a note. Judgment was given against both defendants, and Martin alone appealed.

The defence of the appellant was, that the plaintiff had neglected to sue the principal in the note, although earnestly urged to do so; and that he had indulged him with a prolongation of the day of payment.

The first plea was correctly disregarded. It is an idle one. The creditor generally requires security, to avoid suing the debtor; and the surety cannot require, before the creditor resorts to him for payment, that he should sue the principal.

The surety cannot require the creditor to sue the principal debtor, before resorting to him for payment. His remedy is, to pay the debt, and exercise the rights of the creditor against the debtor, to which he is subrogated by the payment, or proceed under *article* 3026 of the *La. Code.*

A verbal agreement, to wait until the debtor can go to a certain place to procure money with which to pay the debt, is not such a prolongation of time, as will discharge the surety.

If he wished the principal to be sued, he must pay the debt, and then exercise the rights of the creditor, to which payment subrogates him; or proceed according to the *art.* 3026 of the *Louisiana Code*, to be indemnified by the principal debtor.

The prolongation of the time of payment, without the consent of the surety, discharges him. None appears to have been given in the present case. The plaintiff had two substantial sureties, on which, we believe, he implicitly relied; for he frequently asserted, that it was not his intention to sue the principal. His conscience was probed by the appellant, and he denied having granted any prolongation. It is, however, in evidence, that the principal having asked the plaintiff to wait until he went to New-Orleans to procure the money, and return with it and pay him, the plaintiff consented.

The jury do not appear to have considered this as outweighing the plaintiff's denegation, in his answers to the interrogatories. He had never intimated an intention to sue the principal. On the contrary, he had even denied it, and every part of his conduct shows that he looked to the sureties for payment.

The judge's refusal to grant a new trial, shows he was satisfied that justice did not require his interference with the verdict. It does not, in our opinion, authorize ours.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, as far as it relates to the defendant Martin, be affirmed, with costs.