WESTERN DIST.
October, 1840.

GRIFFING'S AD-
MINISTRATRIX.
vs.
CALDWELL ET AL.

---

GRIFFING'S ADMINISTRATRIX vs. CALDWELL ET AL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE DISTRICT PRESIDING.

The plaintiff cannot have a case in this court continued for a *certiorari*, as to the principal debtor, and proceed to final judgment against the sureties, who are his co-defendants.

Sureties have an interest that judgment be first rendered against the principal debtor, or at least simultaneously with them.

This is an action against the principal and two sureties on a promissory note.

The plaintiff sues as executrix of Lorenzo A. Griffing, deceased. She alleges that the defendant, Caldwell, is principal, and that Brigham & Downes are sureties, and prays judgment against all of them, *in solido*. There was final judgment by default against Caldwell; the other two defendants severed in their defence. They, however, admitted their suretyship, and averred that the plaintiff had delayed to sue the principal debtor, and also, that they were entitled to the benefit of discussion, the debtor having sufficient property to satisfy the debt.

Judgment was rendered against the defendants and they all appealed.

There appeared to be an omission in making out the record, by omitting to copy into it the judgment by default taken against Caldwell, the principal debtor, and which was made final.

*M'Guire,* for the appellee, moved for a *certiorari,* to correct the record, by inserting the judgment by default, and that the judgment against the two sureties be amended and rendered absolute against them, disallowing their plea of discussion, as they had failed to furnish the funds required by law to entitle them to the benefit of that plea.

WESTERN DIST·
*October,* 1840.

GRIFFING'S AD-
MINISTRATRIX
*vs.*
CALDWELL ET AL.

*Copley* and *Downes,* contra.

*Martin J.,* delivered the opinion of the court.

This is an action against the principal and his sureties on a promissory note. He failed to answer, and judgment by default was made final against him.

The sureties severed in their defence, and pleaded that the plaintiff had indulged the principal with time, and also claim the benefit of discussion. There was judgment against them, and both principal and sureties appealed.

The appellee's counsel on a suggestion of diminution of record, which disabled her from proceeding against the principal, obtained a *certiorari,* and moved that the case proceed to judgment against the sureties. This was resisted, on the ground that a plaintiff who has made several persons defendants, cannot, without dismissing the suit as to one of them, proceed against the rest.

The appellee's counsel has admitted this, but has contended that the cause being continued as to the principal, by the allowance of the *certiorari,* nothing ought to prevent him from proceeding against the sureties.

The sureties have an interest that judgment should be rendered against the principal and them simultaneously, for if the case be first tried against them, and judgment afterwards be given for the principal, it will be difficult to avail themselves of the discharge of the latter. In the present case the judgment provides, that it be first executed against the principal, which cannot be done unless there be judgment against him in this court. If, as the appellee requires, this conditional judgment be reversed, and an absolute one be given against the sureties, they will still have an interest,

Sureties have an interest that judgment be first rendered against the principal debtor, or at least simultaneously with them.

WESTERN DIST. that judgment be rendered against their principal at the same
October, 1840. time, for as soon as they will have paid the debt, they will be
BRANDER ET AL. subrogated to the rights of the plaintiff, against the principal
*vs.* debtor, and have the right to take out execution against him.
FERRIDAY, BEN-
NETT & CO. This, in our opinion, entitled the sureties to a continuance,
for it would be unjust, that without any neglect or *laches* on
their part, they should lose those advantages because of the
continuance as to the principal on the motion, and for the
benefit of the plaintiff.

The case must, therefore, be continued, as to all the
defendants.