## BRYAN'S ADMINISTRATOR vs. SPRUELL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE FIFTH PRESIDING.

Service of citation on defendant's wife at his domicil, is sufficient.

Although the seal of the court does not appear to the citation as it is copied in the record, *non constat*, that it was not affixed to the original.

Judgment by default is premature taken on the first day of the term. The defendant is allowed the first day to answer in.

In all cases of judgments by default made final, the plaintiff *must prove* his demand; and not having done so, the judgment will be reversed, and the case remanded.

This is an action against the maker of a promissory note. Two interrogatories were propounded to the defendant. 1st, Did he sign the note ; and 2d, was not payment demanded ? There was no answers or defence, and judgment by default being made final, the defendant appealed.

The signature to the note is made by the maker putting his ordinary mark ; and there is no proof of it, or evidence of any kind in the record, although the clerk certifies that the record contains all the evidence adduced on the trial.

*M'Guire*, for plaintiff, insisted on the affirmance of the judgment, with damages.

*Copley*, contra, assigned various errors in the record, and urged the reversal of the judgment, on the grounds stated in the opinion of the court.

*Simon, J.*, delivered the opinion of the court.

WESTERN DIST.    The defendant, sued on a promissory note, is appellant
October, 1840.   from a judgment by default rendered against him, and
BRYAN'S    AD-  assigns as errors apparent on the face of the record :
MINISTRATOR          1st. That the return of the sheriff does not show that the
vs.
SPRUELL.        service of the citation was made at the usual place of resi-
dence of the defendant, but simply *at his domicil.*

2d. That it does not appear from the record that the copies
pretended to have been served on the defendant, were certi-
fied copies under the seal of the court.

3d. That the judgment by default was entered on the first
day of the term of the court, and was therefore premature.

4th. That the default was made final before the expiration
of the three judicial days required by law.

5th. That said default was made final, without plaintiff
having adduced any proof of his demand.

I. The service of the citation made at the defendant's
domicil, with a free white person, living in his house, who,
on inquiry, declared herself to be his wife, &c., is certainly
sufficient ; the domicil of a citizen is where he has his prin-
cipal establishment, and his principal establishment is that
in which he makes *his habitual residence.* *Louisiana Code,*
*article* 42.

II. It is true, the seal of the court does not appear on the
citation copied in the record ; but *non constat,* that it was not
affixed to the original citation, and we are bound to presume
that the clerk did his duty.

III. The judgment by default was taken prematurely ;
the defendant had the whole of the first day of the term to
file his answer. *Code of Practice, articles* 317–18.

IV. It does not appear from the record that three judicial
days had elapsed when the default was made final, nor does
the transcript show when it was made definitive. *Code of*
*Practice, article* 312.

V. In all cases of judgments by default, plaintiff must
prove his demand, *Code of Practice,* 312 ; and although the
In all cases of   defendant is presumed, by his silence, to have confessed the
judgments    by   justice of his adversary's demand, the plaintiff must proceed
default    made
final, the plain-  with his proof, in order to have the judgment confirmed.

*Code of Practice, article 360.* In this case, the clerk certifies that the record contains *all the evidence* adduced by the parties, and we have looked in vain for any evidence establishing the plaintiff's demand. The district judge ought to have required satisfactory proof of the defendant's ordinary mark on the note sued on, and having not done so, his judgment must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; that the judgment by default, taken in this case, be set aside, and that this suit be remanded and reinstated on the docket of the lower court, to be proceeded in according to law ; the appellee paying costs in this suit.