MARIA GRIFFING, Administratrix, v. GEORGE H. CALDWELL, JAMES H. BRIGHAM and SOLOMON W. DOWNS.

A judgment by default on a promissory note or other obligation alleged to have been signed by the defendant, cannot be made final without proof of the signature. Art. 324 of the Code of Practice does not dispense with this proof; the obligation of the defendant to confess or deny his signature does not arise until he answers.

Where there is no evidence that defendant had more than one domicil, it is unnecessary to state in the sheriff's return, that service of petition and citation was made at his *usual* domicil.

It is not necessary that it should appear from the sheriff's return, that the copies of petition and citation served on the defendant were sealed with the seal of the court, and certified by the clerk to be true copies.

A creditor has the right, but he is under no obligation to include the principal and surety in the same suit; and if he do, his right to judgment against the surety does not depend on his right to judgment against the principal.

A surety cannot require the creditor to sue the principal debtor before resorting to him for payment; his remedy is to pay the debt, and exercise the creditor's rights against the debtor to which he is subrogated, or to proceed under art. 3026 of the Civil Code.

APPEAL from the District Court for Ouachita, *Wilson*, J.

This was an action on a promissory note A judgment by default was confirmed against the defendant, Caldwell; the other defendants separated in their answers. Brigham answered that the plaintiff had not used due diligence in proceeding against the principal debtor, who had unincumbered property in the parish more than sufficient to satisfy the debt, and prayed that it might be discussed before proceeding against him. The answers of Downs contained the same allegations; and prayed for a discussion of the property of the principal debtor, and that any amount for which the securities might be liable should be divided between them.

The execution of the note was proved; and that the principal and each of the securities were possessed of sufficient property to satisfy the debt. Judgment was given against Brigham and Downs for the amount of the note to be equally divided between them, provided that the judgment should first be executed against the principal, Caldwell. A motion for a new trial being overruled, the defendants appealed.

*McGuire*, for the plaintiff.

*Copley* and *Downs*, for the defendants.

MARTIN, J.   The defendants are appellants from a judgment against Caldwell and his co-defendants, Brigham and Downs, as his sureties on a promissory note.

The defendant, Caldwell, urges in this court, that there is no evidence of a legal service of petition and citation on him, the sheriff's return stating that copies were left at *his domicil*, instead of showing they were left at his *usual* domicil; and that it in no wise appears from the sheriff's return that the copy served on him was sealed and certified by the clerk to be a true copy of the one on which he makes his return, or that the original citation had the seal of the court; that as he was not duly cited, judgment by default was irregularly taken against him; and if it had been regularly taken it was illegally made final, as there was no proof of his signature.

It has been contended that there was no necessity of proving the defendant's signature because it was not specially denied.   The Code of Practice, art. 324, provides that 'the defendant shall be bound *in his answer* to acknowledge expressly, or to *deny his signature.*'   This obligation does not arise until the defendant answers. The court therefore, in our opinion, improperly permitted the judgment to be made final without proof of the defendant, Caldwell's, signature.   The Code of Practice expressly provides that ' no definitive judgment shall be given until the plaintiff proves his demand. This proof is required in all cases;' art. 312.   Judgment by default although improperly made final, was correctly taken, for the defendant had been properly cited.   Nothing shows that he had more than one domicil.   It was therefore unnecessary to state that service had been made at his *usual domicil.*  In the case of *Bryan's Adm'r* v. *Sprewell,* 16 La. 313, we held, that 'although the seal of the court does not appear to the citation as it is copied into the record, *non constat* that it was not affixed to the original, and we are bound to presume that the clerk did his duty.'   That case cannot be distinguished from the present one.

This case must therefore be remanded to afford the plaintiff the opportunity to make the necessary proof required to make the judgment final.

The counsel for the sureties contends that no judgment can be had against them, until one is rendered against the principal; for

they would in that case be deprived of the plea of discussion; and that it follows as a corollary that if judgment is reversed as to the principal, it must also be reversed as to the sureties.

The benefit of discussion must be demanded by the surety, who must point out the property to be discussed, and furnish a sufficient sum of money to carry it into effect. This has not been done in the present case. Civ. Code, arts. 3015, 3016.

No law requires a creditor to obtain judgment against the principal and sureties simultaneously; nor against the principal before he proceeds against the sureties. 'The surety cannot require the creditor to sue the principal debtor before resorting to him for payment. His remedy is to pay the debt and exercise his creditor's rights against the debtor, to which he is subrogated by the payment, or to proceed under article 3026 of the Civ. Code;' *Boutté, f. m. c.,* v. *Martin et al.,* 16 La. 133.

The Civil Code also provides 'that the creditor *may* include in the same suit both the debtor and the surety. If he obtains judgment against both, the surety who is entitled to the benefit of discussion, *may* insist that the judgment shall be first executed against the principal debtor.' Idem, art. 3020.

The creditor has the faculty, but he is under no obligation, to include the principal and surety in the same suit. If he does, his right to judgment against the surety does not depend on his right to obtain judgment against the principal: for the Code says if he obtain judgment against both, which implies that he may have it against either, the surety may insist upon its being first executed against the principal debtor.

It is therefore ordered that the judgment of the district court so far as it relates to the defendants, Brigham and Downs, be affirmed with costs, except that part which directs execution to be first issued against the principal debtor, which part is hereby reversed. And that so far as it concerns the defendant, Caldwell, that it be reversed; and that the case be remanded for further proceedings on the judgment taken by default; and that the plaintiff and appellee pay the costs of the appeal.

SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

Any objection to the amendment of a judgment, on the ground that the answer of appellee requesting it, was not filed three days before that fixed for the trial, as required by art. 890 of the Code of Practice, will be considered to have been waived, where the case was fixed by the appellant before the expiration of the three days allowed for filing the answer.

*Downs* and *Copley*, for the appellants, prayed for a re-hearing.

GARLAND, J. This case was before us at the October term 1840, 16 La., 294; has again been before us at the present term, and is a third time presented on an application by Brigham &, Downs for a re-hearing.

The suit was commenced in September, 1839, on a promissory note, the plaintiff residing in a different parish from the defendants. At the first term, a continuance was obtained by an exception, that made it necessary for the plaintiff to produce her letters of administration. At the Spring term 1840, answers were filed by the applicants for a re-hearing, in which they did not deny the justice of the plaintiff's claim, but allege they are sureties, and that their principal is able to pay the debt. A judgment by default was taken against Caldwell, and a final judgment given against him and his securities, granting to the latter the benefit of discussion; from this judgment they all appealed. At the last term of this court, they brought up a defective record, the clerk having omitted to include in it the order entering a default against Caldwell. A *certiorari* had to issue to complete the record, and the defendants had a continuance for a year. On the first day of the present term, the amendment to the record was filed, and the cause fixed for trial on the third day, the counsel consenting thereto. The counsel for the plaintiff, in their answer to the petition of appeal, asked an amendment of the judgment so as to make Brigham & Downs directly liable. The parties proceeded to trial, and one of the defendants in his argument objected to amending the judgment, because the answer requesting it had not been filed three days before the day fixed for trial, according to article 890 of the Code of Practice, but at the same time went on with the argument, and insisted no judgment could be rendered against Caldwell, the principal, as it did not appear from the record, that his signature to the note had

been proved. This objection proved fatal to the plaintiff's claim against him, and the sureties then contended no judgment could be rendered against them, as the principal was discharged. We thought differently, held them bound, and deprived them of the plea of discussion, as the same record showed they had not entitled themselves to it.

They now apply for a re-hearing, because the answer was not filed three days before the argument. We cannot grant it. The appellants, by setting their cause for trial before the expiration of the three days which the appellee had to file her answer, has in our opinion waived any objection of the kind. When the cause was called, the three days allowed the appellee to file her answer had not elapsed, and it was not too late to do it under the system of practice pursued here.

The defendants have availed themselves of every technicality to delay the payment of this debt, and have finally been caught in their own toils ; we shall not relieve them.

*Re-hearing refused.*