Simon, J.
The defendants are appellants from a judgment by default, regularly taken against them by the plaintiff, and made final after the lapse of three judicial days, the Judge, a quo, declaring in his judgment, that he was satisfied by the evidence adduced by the plaintiff in support of his demand.
This suit was instituted on a promissory note bearing date the 21st of May, 1840, subscribed by the principal defendant, and made payable on the 7th of March, 1845, to the order of Henry D. Dawson ; by whom it appears to have been endorsed in blank, and by whom it ivas further acknowledged, after the endorsement, that he had received value for said note from the plaintiff, warranting the payment thereof, to the latter or his assigns. The transfer is dated the 17th January, 1844 ; and the note sued on is identified with an act of sale from the drawee to the drawer thereof, of certain property situated in the parish of East Baton Rouge, executed by notarial act on the day the note is dated, and stipulating that a special mortgage is reserved on the property sold, to secure the payment of the price.
The appellants’ counsel has contended, that the judgment appealed from is erroneous, and that one of nonsuit should have been rendered in the lower court, the plaintiff and appellee having failed to make out his case by proof of the transfer, and assignment by Dawson of the note sued on, to said plaintiff.
The clerk declares in his certificate, that the record contains a true and correct copy of all the documents on file, proceedings had, and of all the testimony adduced in the cause ; but on referring to the evidence therein transcribed, it appears that the note sued on, the protest made thereon at maturity, and a copy *519 of the deed of sale, were the only proof adduced by the plaintiff in support of his demand, and that no evidence or testimony was produced, to establish the allegations of transfer from Dawson to the plaintifF contained in the latter’s petition, or to show that the endorsement of the original payee, and his signature at the foot of the assignment on the back of the note, were genuine.'
Adams, for the plaintifF.
A. Talbot, for the appellants,
The right of the plaintifF to recover on the note sued on, depending mainly upon the transfer or assignment thereof made to him by the original payee, proof of the genuineness of the endorsement and of the execution of the transfer written below it, was a pre-requisite which could not be dispensed with, unless the fact had been admitted by the defendants. Here, no answer had been filed by the appellants, a judgment by default had been entered against them, and the law requires, that no definitive judgment shall be given until the plaintifF proves his demand ; this proof being required in all cases. Code of Pract. arts. 312, 360. 16 La. 314. 1 Rob. 16.
It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that this case be remanded for further proceedings on the judgment taken by default ; the plaintifF and appellee paying the costs of this appeal.