## JEREMIAH COLLINS *v.* J. W. McDONALD.

A judgment by default taken in a suit on a note, by a party claiming the ownership of it by the blank endorsement of the payee, does not relieve the plaintiff from the necessity of proving the endorsement.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *Swayze & Moore*, for plaintiff. *John E. King*, for defendant and appellant.

MERRICK, C. J. This suit was brought upon a promissory note, payable to the order of *John F. Campbell*, through whose endorsement plaintiff claims ownership of the note.

Judgment was taken by default, and on making the same final, plaintiff offered the note in evidence, but failed to prove the signature of the endorser.

Defendant appeals, and demands a reversal of the judgment, for want of proof of title to the note.

The objection is well taken. The judgment by default does not relieve the plaintiff from proof of his demand. C. P. 312. He has not proven his demand in this case until he has shown that he has acquired title to the note, which has not been done. *Johnson* v. *Duncan*, 5 M. 361. This case differs from that, where the defendant has answered, and is presumed to be present at the trial. In the latter case, if he does not object to the admission of the note in evidence, on the ground that the signatures of the endorsers have not been proved, he is presumed to waive such objection, and the signatures are considered as admitted.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded for a new trial; the plaintiff paying the costs of the appeal.