No. 3732.—D. BLUM, STERN & CO. v. GEORGE H. SALLIS.

A third holder of a promissory note, indorsed in blank, is not entitled to recover thereon without proving the signature of the indorser. In such a case if the records show that the indorsement on the note was not proved in the court below the cause will be remanded.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J.  R. A. Hunter, for plaintiffs and appellees.  H. S. Losee, for defendant and appellant.

TALIAFERRO, J. There is a motion to dismiss in this case on the ground that the only matter in controversy between the parties is a sum less than five hundred dollars. The amount sued for determines the jurisdiction, and the amount sued for largely exceeds five hundred dollars. The motion is overruled.

This is an action on a promissory note. Citation was served at the defendant's domicile by delivering copies of the petition and citation to a free person above the age of fourteen living in defendant's house, he being absent. No answer was filed. A default was taken and afterwards confirmed and judgment rendered for the amount claimed. The defendant appealed. The defense is that judgment was rendered upon insufficient evidence. The note of evidence is brief, merely reciting that "John Weil, sworn, says he knows the signature to the note shown him, and that he knows the note was signed by Mr. Sallis."

The petition alleges that plaintiffs acquired the note sued on by the indorsment to them of B. Weil & Brother, the payees. No evidence is introduced to prove the indorsment. C. P. article 312; 20 An. 106 and 547; 12 Rob. 518. We think the defense should prevail.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that this case be remanded for further proceedings according to law, the plaintiffs and appellees paying costs of this appeal.