IN RE WILLIAM W. BUTTERFIELD.

Franklin.    Opinion November 18, 1888.

*Insolvent law. Discharge. Appeal. Practice.*

A creditor who desires to oppose an insolvent's petition for discharge, must appear for that purpose on the day assigned by the judge for a hearing thereon. His appearance to oppose a discharge, is not implied from his presence on such occasion for other purposes.

A creditor is not entitled to appeal from a decree discharging an insolvent debtor, unless at a proper time before such decree he has filed objections against a discharge.

ON exceptions.

Appeal of James O. White, a creditor who had proved his debt against the insolvent estate, from a decree of the judge of the court of insolvency dismissing the written objections of the

creditor to the discharge of the insolvent, on the ground that they were not seasonably filed, and to the decree granting the discharge.

*King and King*, for the appellant.

The examination of the debtor being in progress on August 3, so that the creditors could not then know what objections could properly be made, an adjournment of all proceedings, as well under the order to show cause as under the petition for discharge was proper, and the rights of the creditors were the same on the adjourned as on the return day. (1 Bankruptcy Register, 323.) In fact the adjournment of the petition and the notice to show cause, was on account of the appearance of the creditor to oppose a discharge, and the commencement of the examination of the debtor.

Had the debtor on the return day claimed a discharge, or any other action under the petition, the creditor would have been reminded and filed his objections, or obtained such decree of the judge as would have protected his rights, and the inadvertent failure would not have occurred.

The order of court giving notice of hearing upon the objections, was equivalent to an order of the court allowing the objections to be filed *nunc pro tunc*, which the court had a right to allow in case of failure through inadvertency. (2 Bankruptcy Register, 328.) The court could in its discretion allow a creditor to enter his appearance and file his objections, although the time for entering an appearance had passed. (14 Bankruptcy Register, 385.) The insolvency court erred in the opinion that the statute was imperative and that he could not regard the equities of the case. (2 Bankruptcy Register, 552.) The "examination" of the debtor, a part of the record, disclosing that the debtor was not entitled to a discharge, it was the duty of the court, had no objections been filed, to refuse the discharge.

By section 46 of c. 70, R. S., it is prescribed that a discharge shall not be granted under certain circumstances. This imperative statute contemplates a careful scrutiny by the court of everything that may appear upon the face of the proceedings, objections or no objections.

It does not contemplate reading by the court between the lines nor as *addenda*, the proviso that "if objections shall have been filed on the return day of the petition for discharge."

The insolvency statute is like the former U. S. bankruptcy statutes but in that section corresponding to our 46th section, gambling is an additional bar to a discharge, and in the *Williamson case*, 3 Bankruptcy Register, 286, the court said, "The bankrupt applied to be finally discharged, no objections being interposed by creditors. This court upon inspecting the record of the bankrupt's examination by the assignee, discovered that since the passage of the act the bankrupt had lost a large sum of money at gambling. The discharge was refused, the court holding that it was its duty to examine the record before granting a discharge, and if it appeared that the bankrupt was not entitled thereto, to refuse it, although creditors interpose no objections."

In several cases the U. S. court in considering the question of the necessity of filing written objections make exceptions as to those grounds appearing upon the face of the proceedings. (*Seabury case*, 10 Bankruptcy Register, middle 92–93 page, last clause and first paragraph of 96 page. *Schuyler*, 2 Bankruptcy Register, 549.)

Under our statute the creditors having placed on file the examination of the debtor and other witnesses, disclosing that the debtor was not entitled to his discharge, they might well rely upon the court without filing objections, might urge the records as a ground for refusing the discharge; and if the insolvency court disregard the records, on the ground that no objections are on file, and grant a discharge, appeal will lie.

*Joseph C. Holman*, for the insolvent debtor, cited: *Dow, App't*, v. *Young*, 4 New Eng. Rep. 503; R. S., c. 70, § § 30, 44; 8 Gray, 316; Spaulding's Practice, 29, 30; Hamlin, Insol. 21; Bump. Bank, 386.

PETERS, C. J. It was decided in *Dow* v. *Young*, 4 N. E. Rep. 503, that if a creditor does not appear at the time appointed by the judge of insolvency for a hearing on the question of the debtor's

discharge, he has not, as a rule, any right to appear for such purpose afterwards ; the opportunity for objecting to a discharge will be lost. He must appear as an objecting creditor. The insolvent law is strict with debtor and creditor alike, and allows no laxity or negligence. It requires expeditious, business-like proceedings.

Having made the appearance as an objecting creditor, the judge may grant him indulgence if he pleases. It is held in *Robinson* v. *Chase*, 80 Maine, 395, that the judge may extend the time for filing objections to a discharge.

The return day which was appointed for a hearing on the debtor's petition, was August 3, 1887. On July 6, 1887, the objecting creditor made a written motion for an examination, of the debtor and two others, and this was also assigned for a hearing on August 3, 1887. When the return day came, the creditor appeared, and attended to the examinations on that and subsequent days, but the record does not show that he put in any appearance to file objections to the debtor's discharge. He now contends that such must have been the implication from what he did ; that his action indicated such an intention. We think his conduct indicated an intention to appear, but the block in the way is that he did not in fact appear for that purpose. He postponed his appearance on the petition for discharge to a later time. Intention to do is not doing.

There is no doubt that the judge would have a right to amend the record if there had been oral proceedings which should have gone upon record, but that idea is negatived by the judge refusing a right of appeal. It does not necessarily follow that the creditor even intended to appear against the debtor's discharge. He may have pursued the examinations for the purpose of rendering assistance to the judge, without assuming personal responsibility,—or for some ulterior purpose.

The creditor further contends that he may appeal from a decree of discharge, whether he files objections or not. That position is a misinterpretation of the statute which requires a creditor to file a specification of his objections. He is in that way to aid the judge in the discovery of reasons which may exist against

granting a discharge. If he fail to disclose his grounds of opposition at the right time before the decree, he can find no fault that he cannot be allowed to appeal afterwards. The judge should be informed and assisted by the creditor before the decree is made. The presumption is, that, if a creditor cannot before the decree, and at the time appointed for such purpose, show good cause why a discharge should be denied, he cannot afterwards. If this were not the rule, then any creditor could enter an appeal whether there be any real grounds for an appeal or not. Such a practice would lead to looseness and irresponsibility in the procedure not comporting with a due and orderly administration of the law.

Denying the creditor this privilege which he claims, does not prevent a refusal of discharge by the judge, nor prevent the creditor from rendering to the judge assistance in his investigations, if, in his discretion the judge sees fit to accept the same. But whatever his decree may be, no creditor, who has not observed the preliminaries required by the statute, can appeal therefrom.                                    *Exceptions overruled.*

WALTON, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.