N. O. TEXAS & MEXICO RAILWAY CO.

          Vs.                                    No. 7638.

LEHMAN, STERN & CO., LTD.

January 12th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is an appeal from a judgment confirming a default.

The suit was filed on September 26th, 1916 and citation was served on the same day.

The plaintiff, the N. O. Texas & Mexico "Railway" Co., alleged that on March 28th. 1912, there arrived in New Orleans, over the line of the New Orleans, Texas, & Mexico "Railroad" Company, consigned to S. Gumbel & Co., sixty-three bales of cotton marked L. A. R. K, and seventy-two bales marked D. U. N; that a writ of attachment issued in the case of Lehman, Stern & Co. vs. E. Martin & Co. under which the above "Railroad" Company and the New Orleans Terminal Company were made garnishees and in consequence of which said Railroad Companies held said cotton from March 28th. 1912 to April 22d. 1913; that, during said period, storage charges accumulated on said cotton in favor of the N. O. Texas & Mexico "Railroad" Company which, according to the tariff of said railroad companies, amounted to $531.90; that the attachment issued on the petition of Lehman, Stern & Co. was dissolved by the Supreme Court of this State, at their cost; that they have refused to pay the charges herein claimed; that the said New Orleans, Texas, and Mexico "Railroad" Company was placed in the hands of a Receiver in the suit entitled New York Trust Company vs. N. O. Texas, and Mexico "Railroad" Company No. 14,706 of the United States District Court, and that in said proceedings the plaintiff herein, the New Orleans, Texas, and Mexico "Railway" Co., acquired all the assets and rights of the said "railroad" Co., including the claim herein; and the N. O. Texas and Mexico "Railway" Company prayed for judgment against Lehman, Stern & Co. for $531.90.

Annexed to this petition are one set of bills for storage

119

from March 28th. 1912 to April 24th. 1913 in favor for the "N. O. T. & M" and against "S. Gumbel & Co.", one for

63 bales for                                245.70

and the other for 72 bales for     280.80

$ 526.50

Another set is for same storage, for same time, against same S. Gumbel & Co., but in favor of "N. O. T. & M. R. R.", and reads as follows:

As paid        $ 245.70

Should be      $ 248.22

Balance due    $   2.52

As paid        $ 280.80

Should be      $ 283.68

Balance due    $   2.88

These three amounts $526.50, plus $2.52, plus $2.88 make up the sum of plaintiff's claim $531.90.

The defendants failed to answer; default was taken against them on January 28th. 1918, and confirmed on April 22d. 1918. Defendants took a devolutive appeal.

In this Court the defendants have filed the plea of prescription of two and three years.

They have not pressed the prescription of two years, and they rely entirely upon that of three years according to Article C. C. 3538 (3503). This article reads as follows:

"The following actions are prescribed by three years: x x x that on the accounts of merchants, whether selling for wholesale or retail; that on the accounts of retailers of provisions, and that of retailers of liquors who do not sell ardent spirits in less quantities than a quart. That on all other accounts".

We do not think that a claim for "storage" arises from an "account". All the "accounts" which have been held barred by the prescription of three years, as far as our investigation has gone, had their origin in sales of movables or in advances by factors. Storage arises from a contract of deposit. "A deposit", says C. C. 2926 (2897) "in general, is an act by which a person receives the property of another, binding himself to preserve it and return it in kind".

In the 205 Fed. Rep. 998, it was held that a claim for "freight" was not an account and not prescribed by three years. *"over"*

C. C. 2929 (2900)

"The deposit is essentially gratuitous. If the person with whom the deposit is made receive a compensation, it is no longer a deposit, but a hiring (of services)". C.N. 1917; 4 Pothier p. 154 & 9; 15 Dalloz Rep. p 451 & 13.

C. C. 2675 (2645)

"To let out labor or industry is a contract by which one of the parties binds himself to do something for the other, in consideration of a certain price agreed on by them both".

There is no period specifically fixed by law for prescription as to a claim for compensation for deposit or storage. The wages of workmen, laborers, and servants are prescribed by one year ( C. C. 3534 (3499), and the salaries of overseers, clerks, secretaries, and others are prescribed by three years. C. C. 3538 (3503). Storage charges are not mentioned by either article. Those who rely upon prescription must point out the particular statute which specifically provides for prescription. It is not sufficient to plead prescription generally; the particular term of prescription must be pleaded. 21 A. 395, 669 (671); 30 A. 246; 15 La. 550. Prescription cannot be extended by analogy. In the case of Knoop vs. Blaffer 39 A. 23 (29), the Court said:

"Prescription is stricti juris, and cannot be eked out by inference, nor extended from one cause to another by analogy". *15a/143 -*

Thus, Article C. C. 3534 (3499) prescribes by one year the actions of "innkeepers and such others, on account of lodging and board which they furnish". The Court held that the Article applied only to those who made it a business of lodging and boarding and not to those who, by exception, lodged and boarded some person. Succession Witch 22 A. 316; 33 A. 621; 11 Ct. App. 249.

Again, Article C. C. 3536 (3501) prescribes by one year the action "for the delivery of merchandise, or other effects,

121

shipped on board any kind of vessels" -, and Article C. C. 3540 (3505) prescribes by five years "actions on bills of exchange, notes payaole to order or bearer, exeept bank notes, those on all effects negotiable or transferable by indorsement or delivery". Yet the Supreme Court held that the Article 3534 did not apply to "railroads" which were not "any kind of vessel", nor did Article 3540 apply to "marine bills of lading" which were not within the meaning of commercial credits intended oy the Article.

> C. C. 3470 (3433)
>
> "There are no other prescriptions than those estaolished by this Code and the statutes of this State now in force.
> See also State ex rel Szabary vs. Recorder 13 Ct. App. 292. /2a632 - //a713 - 2a878-

We conclude therefore that the prescription of three years does not apply to the claim sued on.

## ON THE MERITS.

The defendants advance several defenses, one of which being sufficient, obviates the necessity and labor of examining the others. They maintain that the evidence introduced upon the confirmation of the default fails to make the plaintiff's case reasonably certain and is not therefore sufficient to entitle them to a judgment.

The note of evidence on the confirmation of the default consists of the record in the suit of Lehman, Stern & Co. vs. Martin and the testimony of W. E. Fagot. In 1912, 1913, and 1914 he was Cotton Clerk for the New Orleans Terminal Company; the storage bills attached to the petition represent storage on cotton that was held "by us at the railroad"; he thinks S. Gumbel & Co. presented the bills of lading for the cotton when it was finally delivered; the cotton was held for the period stated in the bills and they are correct.

According to the testimony of this witness, the cotton was held "by us", meaning his employer, the New Orleans Terminal Company; according to the bills for storage annexed to the petition, the cotton was held by the New Orleans Texas and Mexico Railroad; according to the petition, said cotton was held by both railroad companies; it is impossible to say with certainty who held the cotton and to whom the storage belongs.

Whichever end of this triple dilemma we adopt leaves the main question in doubt as to which company the storage was due. If we assume that it was earned by the N. O. Terminal Company, as stated by the witness, and by it and the N. O. Texas and Mexico Railroad Company, as stated in the petition, then there is neither allegation nor proof that the N. O. Terminal Company ever parted with its rights; if we assume that the bills are correct, and that the storage was due to the N. O. Texas and Mexico Railroad alone, then two obstacles stand in plaintiffs way which it has not overcome. In the first place, there is no evidence that the latter railroad ever parted with its rights, or that plaintiffs acquired them; and, in the second place, it appears on the face of both of these bills that they have been paid in part, and that there remains due upon one only $2.52 and upon the other $2.88.

The burden of proof was upon the plaintiffs to establish that they had acquired those bills. If they had not alleged it, their petition would have disclosed no cause of action. If it was essential for them to allege it, it was essential for them to prove it, or they failed to make out their case. 1 A.117. Plaintiffs argue that they need not prove their capacity to sue, unless it is specially denied. This rule applies in cases where a general denial is filed, and where plaintiff sues in a represen-tative capacity conferred by law, and not where the capacity results from contract or involves the right of action itself. 2 H. D. 1152 & 5; 5 La. 405; 7 A. 621; 12 A. 735; 16 A. 247.

It has not application to the facts or the pleadings of this case. We are dealing with a judgment by default where every allegation of the petition is considered denied and must be proved, and with a title or right of action acquired by contract.

C. P. 312:

"If two days, exclusive of Sundays and legal holidays, after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, and when the demand is for a sum due on an open account

123

then an affidavit of correctness thereof, before any competent officer, shall be prima facie proof".

The case of Collins vs. Mc Donald 14 A. 735 was a suit against the maker of a note payable to the order of Campbell; judgment was rendered by default; but plaintiff failed to prove the signature of Campbell, "through whose endorsement plaintiff claims ownership of the note"; held:

"Plaintiff has not proven his demand in this case until he has shown that he has acquired title to the note, which he has not done".

See also 24 A/ 118; 9 A. 95; 12 R. 518; 15 La. 231; 8 R. 119; 6 R/ 4; 5 A. 642; 16 A. 247 _ 20a 106_54

Plaintiff would be bound to make that proof under a general denial. 5 M. 361; 15 A. 257; 3 M. 647; 10 A. 460; 13 A. 457.

The facts in the case of Skipwith & Osborne vs Lea 16 A. 247 were as follows: The firm of Skipwith, Hazard & Co. became creditors of Lea for $3867; Hazard died, causing a dissolution of the firm; Skipwith & Osborne succeeded to the firm of Skipwith & Hazard, and sued Lea for the $3867; he filed a general denial; there was judgment for the plaintiffs from which Lea appealed. His contention was that "plaintiffs' were bound to prove under the general denial, that they had acquired by purchase or otherwise from the legal representatives of Hazard his interest in the partnership assets, or at least his interest in the debt claimed in this suit x x, on the death of Hazard, his interest in the assets of the firm of Skipwith, Hazard & Co. descended to, and became vested in his heirs at law, and the plaintiffs, as surviving partners, could only have acquired that interest by transfer or assignment from the heirs, and thereby have acquired a right to sue for the debt in their own name, And whether they have succeeded to the interest of Hazard in the firm,is not a question of capacity to sue, but a question of title or right to the debt; and the general denial pleaded by the defendant imposed upon them the burden of proving the title or right to the debt, as alleged in their petition". There was judgment for defendant as in case of nonsuit.

We are therefore of opinion that the plaintiffs have failed to prove their ownership of these claims or to establish their right of action. But inasmuch as the deficiency of evidence may have been the result of overconfidence or of press of business, and that the ends of justice would not be subserved by a non-suit, we will remand the case, as we are authorized to do by C. P. 906. Also 1 H. D. 94 (c); 15 La. 231; 1 R. 17; 12 R. 518; 9 A. 95; 10 A. 270; 20 A. 106.

It is therefore ordered that the judgment herein be reversed and set aside and that this case be remanded for further trial according to law, the plaintiffs to pay the costs of appeal.

January 12th, 1920.