■ The rule, as laid down by the United States Supreme Court, is that:

"Courts of equity will not entertain a bill for discovery to assist a suit in another court, if the latter is, of itself, competent to grant the same relief; for in such a case the proper exercise of the jurisdiction should be left to the functionaries of the court where the suit is depending." Cyc. U. S. Supreme Court Reports, Vol. 5, page 352, citing Ex parte Boyd, 105 U.S. 647, 657, 26 L.Ed. 1200.

Judgment affirmed.

### STRANGE v. ALBRECHT et al.
### No. 16816.

Court of Appeal of Louisiana. Orleans.

Feb. 21, 1938.

Wm. Donnaud, of New Orleans, for appellants.

H. W. & H. M. Robinson, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment by default in a suit on a promissory note. The suit was brought by Dr. W. R. Strange, as endorsee, against the makers, J. Ulrich Albrecht and F. Aug. Spengler, for the face of the note $1,000, less certain payments aggregating $382. The contention of the appellants is that there is insufficient evidence in the record to sustain the judgment.

The following note of evidence and exhibits mentioned constitute the entire record: "Plaintiff offers, introduces and files in evidence the record in this case and particularly the citations and the returns of the sheriff thereon and the default herein entered on May 27, 1937, and the promissory note sued on herein."

The note, which bears the endorsement of the payee, Miss Viola Webre, in blank, reads as follows:

"$1,000.00      New Orleans, Oct. 17, 1931

"Every Thirty days after date I, we or either of us promise to pay to the order of Miss Viola Webre, at the rate of Forty Dollars per Month, One Thousand oo/100 Dollars.

"For value received with interest at the rate of 6 per cent. per annum from October 17, 1931 until paid.

"Each maker and endorser of this note hereby waives demand, protest, or notice of protest, all pleas of division or discussion, and all requirements necessary to hold each as maker and endorser. They also waive all rights to claim homestead or any exemption allowed by the constitution and laws of this or any other State in the United States.

"And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on the same, then an additional amount of twenty per cent. on the principal and interest of this note shall be added to the same as collection fees, here agreed upon as liquidated damages.

"Interest payable every six months. No. —— Due Every Thirty Days."

"[Signed]   J. Ulrich Albrecht
"F. Aug Spengler"

The evidence is claimed to be insufficient in that there is no proof of the signatures of the makers of the note, of the endorsement of the payee, and of the payments on account. Plaintiff insists that in a suit on a promissory note, where the note is in evidence, there is no necessity, in the absence of an affirmative defense, to prove the ownership of the note, genuineness of the signature, or any other fact not put in issue by exception or answer. Particularly is this true, says counsel, since the adoption of the Negotiable Instruments Act in 1904. Act No. 64 of 1904.

Article 312 of the Code of Practice reads as follows: "If, two days (whether judicial or non-judicial but exclusive of Sundays and legal holidays) after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases."

In the case of Florance v. McFarlane, 15 La. 231, it was held that, in an action against the maker of a note by a holder under a blank endorsement by the payee, where the defendant pleaded the general issue (a situation similar to that obtaining upon confirmation of default), it was necessary to prove the signature of the first endorser because "the plea of the general issue dispenses with proof of the signature of the defendant, but not that of the payee and first endorser. The court [trial court], in its judgment, attests that the plaintiff proved all his allegations. This circumstance does not enable us to consider the signature of the payee as proved, when no evidence of it appears in any other part of the record; but it raises such a presumption as, in our opinion, authorizes us to conclude that justice requires the case should be remanded."

In Bryan's Administrator v. Spruell, 16 La. 313, which was an appeal from a default judgment, in an action against the maker of a promissory note, the signature of which had been made by the maker affixing his mark, the court held that, in the absence of proof of the defendant's mark the case should be remanded. We quote the following: "In all cases of judgments by default, plaintiff must prove his demand, Code of Practice, art. 312. And although the defendant is presumed, by his silence, to have confessed the justice of his adversary's demand, the plaintiff must proceed with his proof, in order to have the judgment confirmed."

In the case of Brown v. Thomas, 9 La. Ann. 95, which was a suit by an endorsee against the maker of a promissory note in which a judgment by default was taken and confirmed without proof of the signature of the maker and endorser, it was held that, in

view of the fact that there was no proof in the record of the signature of the payee and endorser, through whom the plaintiff claimed, the case should be remanded because of insufficient evidence to support the judgment.

In Collins v. McDonald, 14 La.Ann. 735, it was held: "The judgment by default does not relieve the plaintiff from proof of his demand. C.P. art. 312. He has not proven his demand in this case until he has shown that he has acquired title to the note, which has not been done Johnson v. Duncan's Syndics, 5 Mart. (O.S.) 361. This case differs from that, where the defendant has answered, and is presumed to be present at the trial. In the latter case, if he does not object to the admission of the note in evidence, on the ground that the signatures of the endorsers have not been proved, he is presumed to waive such objection, and the signatures are considered as admitted."

The case was remanded for a new trial.

In D. Blum, Stern & Co. v. George H. Sallis, 24 La.Ann. 118, the Court said:

"This is an action on a promissory note. Citation was served at the defendant's domicile by delivering copies of the petition and citation to a free person above the age of fourteen living in defendant's house, he being absent. No answer was filed. A default was taken and afterwards confirmed and judgment rendered for the amount claimed. The defendant appealed. The defense is that judgment was rendered upon insufficient evidence. The note of evidence is brief, merely reciting that 'John Weil, sworn, says he knows the signature to the note shown him, and that he knows the note was signed by Mr. Sallis.'

"The petition alleges that plaintiffs acquired the note sued on by the indorsement to them of B. Weil & Brother, the payees. No evidence is introduced to prove the indorsement. C.P. article 312; (Gubernator v. City of New Orleans) 20 La.Ann. 106 and (Pike v. State) 20 La.Ann. 547; (Young v. Talbot) 12 Rob. 518. We think the defense should prevail."

See, also, Buffalo Specialty Company v. G. Pitard's Sons, 14 Orleans App. 395.

■■ We find nothing in the Negotiable Instruments Act which alters or modifies article 312 of the Code of Practice relative to the proof required on confirmation of default. The provision relied upon—section 9, subd. 5, of Act No. 64 of 1904—to the effect that an instrument is payable to bearer when endorsed in blank, does not dispense with the necessity of proving the endorsement in blank, but simply that the effect of such endorsement is to make the instrument payable to bearer. In this case the note sued on was payable to Miss Viola Webre, and there appears upon the back of the instrument what purports to be her signature which, if proven, would be sufficient to make the instrument payable to bearer.

Our conclusion is that the judgment appealed from is erroneous and that the cause should be remanded and a new trial had. Consequently, and for the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be and it is reversed and that this cause be and it is remanded to the Civil district court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.