183 So. 209

**STRANGE v. ALBRECHT et al.**

No. 34866.

July 7, 1938.

Rehearing Denied Aug. 5, 1938.

H. W. & H. M. Robinson, of New Orleans, for relator.

William Donnaud, of New Orleans, for respondents.

FOURNET, Justice.

This is a suit for the balance due on a promissory note. In the lower court there was judgment against the defendants by confirmation of default, which judgment was annulled on an appeal by the Court of Appeal for the Parish of Orleans and the case remanded to the lower court, on the ground that the record lacked proof of the payee's endorsement on the note. Strange v. Albrecht, La.App., 178 So. 884.

We now have the matter before us for review on a writ of certiorari granted upon the application of plaintiff.

A review of the record reveals that Dr. W. R. Strange (relator) instituted ,suit against J. Ulrich Albrecht and F. August Spengler (respondents), as the holder and owner for value of a certain promissory note, dated October 17, 1931, for the sum of $1000, drawn and executed by respondents to the order of Miss Viola Webre and by her endorsed in blank, subject to certain credits aggregating $382. The note was conditioned to bear 6% per annum interest from date and to pay 20% of the principal and interest as attorney's fees. Domiciliary service was made upon respondents, but they neither appeared nor answered and judgment was rendered by default against them as prayed for upon the following evidence: " * * * Plaintiff offers, introduces, and files in evidence the record in this case, and particularly the citations and the returns of the Sheriff thereon, [and] the default entered on May 27th, 1937, *and the promissory note sued on herein.*" (Italics and brackets ours.) Judgment was signed on June 10, 1937, and on August 18th relator levied on his judgment. On August 25th, 1937, respondents appealed from the judgment suspensively. A rule was taken against them by relator to show cause why the suspensive appeal should not be set aside, which rule was dismissed, whereupon application was made to this Court by relator for a writ of certiorari, which we refused on the ground that his remedy, if any, was by motion to dismiss the appeal in the proper appellate court. (See docket of this Court, No. 34610.) From a ruling of the Court of Appeal, declining to sustain his motion to dismiss the appeal (176 So. 700), he applied for a writ of ·certiorari which was refused on the ground that the delays for taking a suspensive appeal had not begun to run as notice of the judgment had not been served on respondents. (See our docket, No. 34649.) On the merits, the Court of Appeal set aside the judgment of the lower court on the grounds aforementioned, i. e., that the record lacked the necessary proof of endorsement of the note by the payee. After we granted a writ of certiorari to review the judgment of the Court of Appeal in this matter and the case was pending here, but before the submission thereof by the parties, respondents filed a plea of prescription of five years as to the first six and one-half monthly installments of $40 each, and also the accrued interest for the first six months.

▆ .The first question is whether or not the holder of a note, endorsed in blank by the payee, in order to obtain judgment by default against the maker thereof, must prove the genuineness of the endorsement.

· It is expressly provided by the Code of Practice that "if the defendant do not appear either in person or by his advocate after the delay provided by law, the plaintiff may take a judgment by default against him" (Art. 310), and "if, two days * * * after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, *provided he prove his demand.* * * *" Art. 312. Under the title "Of the Appearance and Answer of the Defendant" the Code of Practice further provides that " * * * it is sufficient to deny * * * all the facts stated, except he be called upon either to acknowledge or to deny his signature." Art. 323. And

"when the demand is founded on an allegation, or an act under private signature, which is alleged to have been signed by the defendant, such defendant shall be bound in his answer to acknowledge expressly or to deny his signature." Art. 324. It is only when "the defendant deny his signature in his answer, or contend that the same has been counterfeited, the plaintiff must prove the genuineness of such signature * * *." Art. 325. See, also, Articles of the Revised Civil Code, 2244 and 2245, which are substantially to the same effect.

The Court of Appeal, in support of its holding, relied on the cases of Florance v. McFarlane, 15 La. 231; Bryan's Administrator v. Spruell, 16 La. 313; Brown v. Thomas, 9 La.Ann. 95; Collins v. McDonald, 14 La.Ann. 735; and D. Blum, Stern & Co. v. George H. Sallis, 24 La.Ann. 118. All of these cases were decided long prior to the adoption of the Negotiable Instruments Law by the Legislature of the State of Louisiana by its Act No. 64 of 1904, which expressly provides that: "every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and *every person whose signature appears thereon to have become a party thereto for value*" (sec. 24), and "the holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument" (sec 51). It is only "when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course, * * *" (sec. 59). (Italics ours.)

On this subject matter, it is stated in Ruling Case Law that: "By the rule of the law merchant, which has been incorporated in the Negotiable Instruments Law, every holder of an instrument is deemed prima facie to be a holder in due course. In other words the mere possession of a negotiable instrument by the indorsee, or by the transferee where no indorsement is necessary, imports prima facie that he is the lawful owner, and that he acquired it before maturity, bona fide, for value in the usual course of business and without notice of any circumstances impeaching its validity. * * * *By presenting the paper the plaintiff makes a prima facie case, that is, a case sufficient to justify a verdict or finding for him if the defendant does not rebut it.*" Vol. 3, sec. 243, p. 1037-8. (Italics ours.) See, also, Daniel on Negotiable Instruments, 7th Ed., Vol. 3, sec. 1379, p. 1413; sec. 1400, p. 1433; Hibernia Bank & Trust Co. v. Smith, 89 Miss. 298, 42 So. 345; Grimes Sav. Bank v. McHarg, 204 Iowa 322, 213 N.W. 798. See, also, Corpus Juris, Vol. 8, Sec. 1363, p. 1054, sec. 1309, p. 1003; sec. 1302, p. 1000, sec. 1359, p. 1048; sec. 1360, p. 1050; Cabral v. Victor & Provost, Inc., 181 La. 139, 158 So. 821.

We therefore conclude that relator, being the holder of respondents' note endorsed in blank by the payee, is deemed prima facie the holder thereof in due course with the right to sue thereon in his own name, and by introducing the note in evidence, he made out a prima facie case sufficient to justify a judgment in his favor.

■ But respondents contend that the case should be remanded to the lower court

for the further reason that the note sued on showed no endorsement of payments, nor was there any proof offered of the alleged payments which constitute a remittur, and having invoked the prescription of five years, the first six and a half installments of $40 each and the interest on the entire note for that period of time had prescribed when this suit was filed, and consequently, it is impossible to impute the alleged payments amounting to $382 with reference to definite dates.

The plea of prescription is based on Article 3540 of the Revised Civil Code, which reads as follows:

"Action[s] on * * * all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable."

"Prescription. may be pleaded in every stage of a cause, *even on the appeal,* but it ought to be pleaded expressly and specially before the final judgment" (Art. 3464). See, also, Art. 346, Code of Practice. Under the express provisions of the Revised Civil Code (Art. 3465) and the decisions of this Court, the plea will not be sustained unless "the proof of it appears by the mere examination of the record * * * but the party to whom it is opposed shall have the privilege of demanding that the cause be remanded for trial upon that plea." Art. 902, Code of Practice.

In the instant case it is the parties who invoked the plea who are asking that the case be remanded. But if we remanded the case, it would avail them nothing under the circumstances of this case because relator

does not rely upon the alleged payments to take the balance due on the note out of prescription, and by simple calculation it may be shown that the judgment rendered is for a less amount than the full amount of the note minus the amount which respondents claim was prescribed. We will therefore not remand the case.

For the reasons assigned, the judgment of the Court of Appeal is annulled and set aside and the judgment of the lower court is reinstated; respondents to pay all costs.