BARHAM, Justice
(concurring).
Baker Finance Co., Inc., sued Enoch H. Hines on what it terms 251 “sales finance accounts” purchased from Hines, alleging that Hines had “personally endorsed and guaranteed the payment upon each” of these 251 sales finance accounts. The plaintiff obtained a default judgment against the defendant Hines for the balances due on all of these “accounts”.
Many of the instruments sued upon are improperly drawn and executed and fail to meet the requirements and standards for *980 negotiable instruments. Some others are negotiable instruments made payable to Capital Sewing Center, Inc., and the endorsements give the corporation name and are signed “By E. H. Hines Pres”; these instruments obviously establish the representative capacity of defendant and negate his personal liability. However, 110 of the instruments sued upon are negotiable instruments (notes) which name Sewing Service as payee and are endorsed “Sewing Service By E. H. Hines”. Fifty of these bear the following endorsement:
“Undersigned dealer guarantees prompt and full payment according to the tenor of this contract and, in the event of default, authorizes any attorney-at-law to appear for it in any court of record and confess judgment, without process, in favor of the holder hereof for the full amount due, including attorney fees, and hereby waives notice of non-payment, protest, presentment and demand. * *
“Sewing Service_
s/d “(Dealer)
“By E. H. Hines”
The other 60 of these 110 instruments are endorsed as follows:
“The undersigned jointly and severally do hereby waive presentment, demand, protest, notice of protest, non-payment or dishonor and notice of the sale of any collateral security and do authorize any extension or extensions in the time' or times of payment. In case of nonpayment of any amounts due hereon, we severally agree to pay the same.
“Sewing Service (Seal)'
“(Corporate, Firm or Trade
s/d Name of Dealer)
“By E. H. Hines ■ (Seal)
“Owner Officer or Firm Member) ”
Code of Civil Procedure Article 1702 provides in part: “ * * * When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required.” The comments under this article declare it to be a codification of Strange v. Albrecht, 190 La. 897, 183 So. 209 (1938), which held that “* * * the holder of respondents’ note endorsed in blank by the payee, is deemed prima facie the holder thereof in due course with the right to sue thereon in his own name, and by introducing the note in evidence, he made out a prima facie case sufficient to" justify a judgment in his favor”.
Plaintiff’s allegation that Hines personally endorsed and guaranteed the payment upon all of the instruments calls for resolution of the question whether the 110 notes *982 made payable to “Sewing Service” and endorsed “Sewing Service By E. H. Hines” present a personal endorsement sufficient to cast Hines in judgment without further proof than the instruments themselves. More particularly, the question is: Did plaintiff have to prove that the endorsement “Sewing Service By E. H. Hines” was not made in a representative capacity?
Under our Negotiable Instruments Law, R.S. 7:9(4), 7:191, 7:18, 7:19, and 7:20,* I am of the opinion that the instruments are not bearer notes, that “Sewing Service” is a “person”, that E. H. Hines appears to have signed for a “party” to the note, and that therefore the endorsements are not self-proving of Hines’s personal liability but rather are prima facie evidence of his signing only as a representative. Article 1702 cannot be invoked to supply the proof lacking here.
For these reasons, I concur.

 R.S. 7:9(4) reads: “The instrument is payable to bearer: * * * (4) When the name of the payee does not purport to be the name of any person * * *.” In R.S. 7:191 “Person” is defined to include “ * * * a body of persons, whether incorporated or not.” R.S. 7:18 provides: “No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name.” R.S. 7:19 states: “The signature of any party [person] may be made by a duly authorized agent. No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other eases of agency.” R.S. 7 :20 provides : “Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principle, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of the words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability.”