### BLAKE vs. BREDALL :

#### CREDITORS OF SCHOONER CAMANCHE, INTERVENORS.

##### ON A REHEARING.

The plea of prescription should be explicit and special, so that the party against whom it is opposed, may be put on his guard, in order to enable him to show that the prescription had been interrupted.

In this case, a rehearing was applied for and granted.

*Preston*, for the plaintiffs and intervenors, who are appellees, insisted that the plea of prescription had been overlooked, which was important, as regarded the claim of Wiltz, the appellant; and the ground on which the appellees relied for the confirmation of their judgment.

2. This claim is for supplies and things necessary for the equipment of the vessel, and is prescribed by one year. *Louisiana Code*, 3499. Wiltz instituted suit the 4th February, 1839, and the whole bill, except eighty-one dollars, was furnished more than a year before that time; and was consequently prescribed unless acknowledged in writing. *Louisiana Code*, 3500.

3. The plaintiff and intervenors had an interest and the right to plead prescription against their co-creditor, when it was a contest for privileges; and when, if his be allowed, it would deprive them of theirs. *Durnford* vs. *Clarke's Estate*, 3 *Louisiana Reports*, 202.

4. The plea of absence of the defendant, cannot avail the defence to this plea. His absence does not clearly appear and is of no avail, because his property was constantly here; being the very schooner Wiltz was supplying.

*Bullard, J.,* delivered the opinion of the court:

In this case a rehearing was granted, on the suggestion, that a plea of prescription set up by the plaintiff against the claim of Wiltz was not considered by the court; whereas it was clearly supported by evidence, except for a small amount. We have again had the case under consideration.

The plea of prescription is in vague terms. It is left doubtful whether it was the intention of the plaintiff and intervenors to avail themselves of the prescription, only so far as it relates to the privilege of Wiltz, or generally against his claim. These exceptions ought to be explicit and special. But it is only to the extent that the plaintiff might be affected by the debt of Wiltz, that we consider the exception. Beyond that, according to the case of *Durnford* vs. *Clarke's Estate*, 3

*Louisiana Rep.*, 202, the other creditors of Bredall had no right to avail themselves of it. *Quo ad,* the privilege of Wiltz to be paid out of the fund to be distributed, other claimants of the same fund had an interest in opposing him, and might well insist that the privilege had been lost by prescription. But if it was their intention to avail themselves of the prescription of one year, under article 3499 of the code, supposing them to have a right to do so, the party against whom the exception is set up, ought to be put on his guard, in order to enable him to show that the prescription had been interrupted.

It is, therefore, ordered, that the judgment first pronounced remain undisturbed.