STEPHENS v. OPPENHEIMER & SONS.

1.  FRAUD: *In purchase of property: Onus of proof.*
   An interpleader, who claims attached property, under a purchase from the debtor before the issuance of the attachment, must prove the purchase, but need not prove affirmatively that it was not fraudulent. That, like innocence of crime will be presumed until the contrary be proved; and the *onus* of such proof is upon the party asserting it.

2.  PRACTICE: *Weight of testimony is for jury.*
   It is error for the circuit court to intimate to the jury its opinion of the weight of the evidence.

APPEAL from *Hempstead* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*W. G. Whipple* for Appellant.

1. Fraud is never presumed, but must be proven, and the *onus* is on the one who charges the fraud to prove it. All that was required of the interpleader was to prove a sale. Having thus made a *prima facie* case, the law will presume that the sale was *bona fide*, and the burden is on the party attacking the sale. *Wharton on Ev., Vol. I, Sec. 366; 2 Ib., Secs. 1248–9; 18 Ark., 137; 6 Ark., 316; 5 Id., 346.*

2. Under our Constitution courts are inhibited from intimating in instructions their opinion of the weight of evidence. *39 Ark., 417.* The third instruction was a prejudgment of the case, and virtually took it out of the hands of the jury.

3. There is a total want of evidence to establish fraud, and even the *scintilla* doctrine does not apply in this case.

COCKRILL, C. J. The appellees, in an action brought before a justice of the peace against Charles P. Stephens, caused an attachment to be levied upon personal property claimed by the appellant. She gave bond for its retention, and filed an interplea in the suit, claiming the property as her own. Upon the trial of the interplea in the circuit court, proof was offered by both parties, tending on the one hand to show a *bona fide* purchase for an adequate consideration, by the interpleader from the attached debtor, before suit was instituted; and on the other part, circumstances were adduced from which a jury might have concluded that the sale was a mere pretense—that there had been no real change of ownership.

The court gave the jury the following instruction: "You are instructed that the burden of proof, in this case, is on the interpleader, and that before she is entitled to a verdict she must show, by the preponderance of such testimony as you believe to be true, that she was the owner of the property claimed by her in this suit, at the time of the issuance of the attachment by the justice of the peace, and that her alleged purchase of said property from C. P. Stephens was *bona fide*, for a valuable consideration, and not fraudulently made."

*1. FRAUDULENT PURCHASE: Onus of the fraud.*

The interpleader asserted title to the property and the *onus* was on her to prove it. She occupied the attitude of plaintiff against whom judgment would be given if no evidence were offered. *State v. Spikes, 33 Ark., 801; Waples Att., p. 481.*

In casting the burden of proof on her to that extent the instruction was right, but it was error to direct the jury that she must show affirmatively that her purchase was not fraudulent. Fraud must be proved by the party asserting it, and until proved the presumption of good faith prevails. *Hempstead v. Johnson, 18 Ark., 123; Clinton v. Estes, 30 Ib., 216; Beecher v.*

*Bookfield, 33 Ib., 259; Holt v. Moore, 37 Ib., 145; Greenl. Ev., Secs. 34, 80.*

In treating this subject in *2 Wharton Ev., Section 1248,* the author says : "So far, however, as concerns the direct application of the maxim to civil issues, we must regard it in the same way as we regard the presumption of innocence, as an assumption of the law for the determination of the burden of proof, and not for the adjudication of the merits. A person who is sued is charged with bad faith, and the burden is on the plaintiff to prove the charge, or the defendant sets up bad faith in the plaintiff, and the burden is on the defendant to make this defense good. But when the actor, in either relation, establishes a *prima facie* case and this is met by evidence sustaining good faith on the other side, then the case must be decided on its merits."

The exception to the rule which shifts the burden of showing good faith affirmatively by the purchaser in the first instance, applies only to an act which, in itself, is *prima facie* illegal, as where such a fiduciary relation exists between the parties as to render it certain that they do not deal on terms of equality. But this has no application here, and in no case is fraud presumed unless such circumstances are shown as will legally justify the inference. It is to be proved, not presumed; but the instruction goes upon the contrary theory.

2. PRACTICE: Weight of testimony is for jury. For this error the judgment must be reversed, and as the case will be remanded for a new trial, it is proper to suggest to the trial court that the third instruction, given at the instance of the attaching creditor, may be subjected to the objection that it intimates the court's opinion on the weight of the testimony. The court is inhibited from doing this. See *Randolph v. McCain, 34 Ark., 702; Flynn v. State, 43 Ib., 295.* It is unfortunate that the court is so circumscribed and its powers so far restricted in this respect, but the law is so written.

Reverse and remand for a new trial.