# 682      Fox v. Bank.

## F. W. Fox and Sylvia A. Fox v. The Harrison National Bank, of Cadiz, Ohio.

### No. 103.

1. **Promissory Note**—*holder of, as collateral, same as owner.* A person who holds a promissory note as collateral security is the owner and holder thereof, as between such person and the payors of the note, the same as if such person were the purchaser of said note.

2. ———— *payment of, must be to holder or his agent.* The payment of a note must be made to the owner and holder thereof or to his agent authorized to receive such payment.

Error from Marion District Court. Hon. Frank Doster, Judge. Opinion filed October 16, 1897. *Affirmed.*

*Wall & Brooks*, for plaintiffs in error.

*King & Kelley*, for defendant in error.

Dennison, P. J. This action was commenced in the District Court of Marion County, Kansas, by the Harrison National Bank, of Cadiz, Ohio, to recover a judgment on a note made by Mary L. and J. C. Chandler, payable to the order of Levi Billings, president, and to foreclose a mortgage upon real estate in said county, given to secure the payment of the note. The note was indorsed in blank by the payee and delivered to the Harrison National Bank as collateral security to an indebtedness owing by the Cottonwood Valley Bank to said Harrison National Bank.

Thereafter, F. W. Fox purchased from the Chandlers the real estate described in the mortgage, and, as part of the purchase price thereof, assumed and agreed to pay the note and mortgage given by the Chandlers to Levi Billings. Some time afterward, and before the maturity of the note, Fox paid the amount due upon the note to the Cottonwood Valley Bank,

and Billings caused to be entered upon the margin of the mortgage record a satisfaction of the mortgage, signed by him as president. At the time Fox paid his money to the Cottonwood Valley Bank, the note was held by and was in the possession of the Harrison National Bank; and Fox paid the money to the bank relying upon the statement of Billings that the note was in the possession of the. Cottonwood Valley Bank, but that it was lost and could not be found. The above facts are shown by the pleadings and the evidence of the defendants below.

At the close of the evidence offered upon behalf of the defendants below, the plaintiff interposed a demurrer to said evidence, which demurrer was sustained by the court, and the jury instructed to return a verdict for the plaintiff below. The defendants below filed a motion for a new trial, which was overruled, and they bring the case here for review.

We think it will not be seriously contended that, by holding the note as collateral security, the Harrison National Bank was not, as between it and the payors of the note, the owner and holder thereof, the same as though said Harrison National Bank had purchased said note outright. Being the owner and holder of the note, the money must be paid to it or its agent authorized to receive it. The money was not paid to the Harrison National Bank, but was paid to the Cottonwood Valley Bank; and, unless the Cottonwood Valley Bank was the agent of the Harrison National Bank for the purpose of collecting said money, the latter cannot be bound by such payment. The burden of proof was upon the defendants to prove such agency. This they totally failed to do, and the court did not err in sustaining the demurrer to their evidence.

The plaintiffs in error contend that the court erred

in refusing the introduction of material, competent and relevant evidence, and in permitting the defendant in error to introduce incompetent evidence.

We have carefully examined the record and are of the opinion that the court committed no material error during the trial of the action.

The judgment of the District Court is affirmed.