(May 4, 1899.)

## SECURITY SAVINGS AND TRUST COMPANY v. ROGERS.

[57 Pac. 316.]

INSOLVENCY LAW—JURISDICTION.—The insolvency laws of Idaho have no extra territorial operation, and the promissory notes of a resident owned by a nonresident are not barred by the discharge of such resident in an insolvency proceeding, unless such nonresident voluntarily becomes a party to such proceedings, and thus submits himself to the jurisdiction of the laws of the state where such insolvency proceedings are had.

COLLATERAL SECURITY.—Promissory notes held as collateral security, duly assigned to a nonresident, before maturity and for a valid consideration, are not barred by the discharge in insolvency of the maker of such notes, if the holder thereof has not voluntarily submitted himself to the jurisdiction of the laws of the state where such discharge was granted.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Orland & Smith and Winfree, for Appellant.

These were negotiable notes, and being indorsed and delivered to the plaintiff before their maturity, for a valuable consideration, the debt was at the time of the filing of the petition of insolvency held and owned by a nonresident of the state of Idaho, and the insolvency laws of Idaho could have no extraterritorial effect, and were, and are, no bar to this debt; and the fact that they were held as collateral security does not change this rule. (*Baldwin v. Hale*, 1 Wall. 223.) Insolvent laws of one state cannot discharge the contracts of citizens

of other states, because they have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no obligation to appear, and of course there can be no legal default. Placing the matter of discharge as to nonresidents clearly upon citizenship at the time of the filing of the petition or the granting of the discharge. (*Carbee v. Mason,* 64 N. H. 10, 4 Atl. 791, 792; *Roberts v. Atherton,* 60 Vt. 563, 6 Am. St. Rep. 133, 15 Atl. 159, 160; *Hawley v. Hunt,* 27 Iowa, 303, 1 Am. Rep. 273.) It is held that, where collateral security is simply delivered and not indorsed, the legal title still rests in the pledgor, and the pledgee has only the equitable interest. (*Smalley v. Wright,* 44 Me. 442, 69 Am. Dec. 112; *Gibson v. Minet,* 1 H. Black. 605; *Thomas v. Crow,* 65 Cal. 470, 4 Pac. 448; *Bank of Chadron v. Anderson,* 6 Wyo. 518, 48 Pac. 197-201; *Wade v. Sewell,* 56 Fed. 129; *French v. Robinson,* 86 Me. 142, 41 Am. St. Rep. 533, 29 Atl. 960; *Newton v. Hagerman,* 22 Fed. 525, and cases cited; *Andrews v. McCoy,* 8 Ala. 920, 42 Am. Dec. 669; *Muller v. Pondir,* 55 N. Y. 325, 14 Am. Rep. 259, 262; *Lamberton v. Windom,* 12 Minn. 232, 90 Am. Dec. 301, 307; *Lancaster Nat. Bank v. Taylor,* 100 Mass. 18, 97 Am. Dec. 70; *Clark v. Whitaker,* 50 N. H. 474, 9 Am. Rep. 286; *Haskell v. Mitchell,* 53 Me. 468, 89 Am. Dec. 711; *Hatcher v. Independence Nat. Bank,* 79 Ga. 547, 5 S. E. 111; *Gaston v. Griffith* (Tenn.), 3 S. W. 642; *Fox v. Harrison Nat. Bank,* 6 Kan. App. 682, 50 Pac. 458.) An insolvency proceeding is a personal action, and citizenship governs the parties to the action, and citizenship over the holder of the legal title. If, then, the insolvency proceedings is a personal action, is it not necessary that the debt be mentioned in the schedule, and that such debt be so mentioned as to give notice to the holder of the debt? (*Russell v. Rogers,* 9 Mart. 588, 13 Am. Dec. 326.)

No appearance for respondents.

SULLIVAN, J.—This suit was brought to recover on two certain promissory notes, alleged to have been executed by the defendants, H. M. Rogers and Paulina Rogers, his wife. The defendant, H. M. Rogers, answered the complaint, admitted his execution of said notes, but defended on the ground that he had obtained a discharge in insolvency under the insolvent laws of the state of Idaho. The defendant, Paulina Rogers, answered, and denied that she had signed either of said promissory notes. The plaintiff dismissed the action as to her. The cause was tried by the court with a jury. Verdict was given in favor of the defendant, and judgment entered dismissing the action. A motion for a new trial was made by the plaintiff, who is the appellant here, and overruled by the court. The appeal is from the judgment and the order denying the new trial. Numerous errors are assigned, but the main question for determination is whether the discharge of the defendant, Rogers, as an insolvent, under the insolvency laws of Idaho barred recovery on said promissory notes. The facts in regard to the execution of said notes and the transfer of them to the appellant corporation are substantially as follows, as shown by the record: The defendant, H. M. Rogers, executed said notes in favor of the Farmers' Bank of Moscow, Idaho, on the eighth day of November, 1894, due in six months from date. The said bank was largely indebted to the appellant corporation. Prior to the thirty-first day of December, 1894, and before said promissory notes became due, said Farmers' Bank duly assigned said notes to the appellant as collateral security for said indebtedness. It also appears that appellant is a foreign corporation, with its principal place of business at Portland, in the state of Oregon; that said promissory notes remained in the possession of the appellant from the date of said assignment until the trial of this suit. The appellant's claim to said notes finally ripened into full ownership. The defendant's petition praying to be declared an insolvent and to be discharged from his debts was made on the first day of October, 1895, and his discharge granted on the twelfth day of February, 1896. The appellant corporation did not appear in said insolvency proceedings and file said promissory notes

as claims against said insolvent's estate, and did not appear therein for any purpose whatever. It did not submit itself to the jurisdiction of the court in which said insolvency proceedings were had, and was not a resident of this state.

The insolvency laws of a state have no extraterritorial operation, and cannot operate on nonresidents, unless they submit themselves to the jurisdiction of such laws. Insolvency proceedings are judicial investigations, and parties whose rights are affected must have their day in court, and, in order to have that, they must be legally notified or voluntarily appear. The courts of one state have no authority to require a citizen of another state to become a party to an insolvency proceeding; and, unless such citizen voluntarily becomes a party to such proceedings, his rights can in no wise be affected thereby.

In *Baldwin v. Hale,* 1 Wall. 223, the court says: "Insolvency laws of one state cannot discharge the contracts of citizens of other states because they have no extraterritorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other state voluntarily becomes a party to the proceeding, has no jurisdiction in the case. Legal notice cannot be given, and consequently there can be no obligation to appear, and, of course, there can be no legal default." In *Carbee v. Mason,* 64 N. H. 10, 4 Atl. 791, the court said: "The insolvent law of one state has no effect in any other, as against a citizen of the latter state holding a claim that follows the person of the creditor, no matter where the debt was contracted, or when it was made payable, unless the citizen of such other state voluntarily proves it in the state where the law was enacted, and thus places himself under its jurisdiction." (See, also, *Roberts v. Atherton,* 60 Vt. 563, 6 Am. St. Rep. 133, 15 Atl. 159; *Hawley v. Hunt,* 27 Iowa, 303, 1 Am. Rep. 273.)

It is contended that the rule laid down in the above-cited cases is not applicable, for the reason that the appellant held said promissory notes, as collateral security at the time of filing said petition in insolvency. In Colebrook on Collateral Securities, section 16, it is said: "The pledgee of negotiable in-

struments, as bills of exchange and promissory notes, before maturity, by indorsement and delivery, so that he becomes a party thereto for a present advance, and as a part of the transaction of loan, and without notice of antecedent equities, is a holder, for value, in due course of business." Said promissory notes were negotiable, pledged before maturity, transferred by indorsement and delivery for a present advance, and as a part of the transaction of loan, and come fully within the rule above stated. The above rule is sustained by ample authority. (See cases cited in *Sims v. Lyles,* 1 Hill, (86), 39, 26 Am. Dec. 156. Also, see *Fox v. Bank,* 6 Kan. App. 682, 50 Pac. 458, as touching the ownership of collateral security.)

The evidence clearly shows that appellant held said notes as collateral security prior to their maturity, and there was no evidence on which to base certain instructions given to the jury to the effect that, if they found the title to said notes did not pass to or vest in the plaintiff until the month of August, 1896, they should find a verdict for the defendant. As there was no conflict in the evidence as to the date the appellant received said notes as collateral security, the giving of said instructions was error, as the evidence clearly showed that appellant received them before the defendant received his discharge. There was much irrelevant and immaterial evidence admitted by the court over the objection of the appellant, but we do not deem it necessary to notice each objection in that regard. The only defense set up by the answer is that the discharge of the defendant in said insolvency proceedings barred recovery on said notes. The defendant admitted the execution of the notes, and all evidence, except that showing, or tending to show, that said discharge barred said notes, was immaterial; and, if this case is retried, all evidence in regard to other papers being signed at the time the notes were signed, and testimony as to the consideration for the notes and the failure of the Farmers' Bank of Moscow, should be excluded. The judgment is reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.