L. REINECKE (or SIDONIA KEMLER), Appellee, v. MARTHA GRUNER et al., Defendants and Appellees. JACOB BIEHL, Intervener, Appellant.

FRAUD AND WANT OF CONSIDERATION: *Burden of proof.* One attaching a fund has the burden, as against an assignee thereof who intervenes, of proving fraud or want of consideration.

*Declarations of assignor.* Declarations of an assignor made after the assignment, are inadmissible against the assignee.

ATTACK UPON ASSIGNMENT: *Claim arising after assignment.* An assignment cannot be attacked by one whose claim arose after the assignment.

*Appeal from Dubuque District Court.*—HON. FRED O'DONNELL, Judge.

TUESDAY, MAY 15, 1900.

THIS is a controversy over certain funds in the hands of one F. W. Altman, as administrator. Intervener, Biehl, filed a petition

in which he claimed to be entitled thereto under an assignment from Martha Biehl, *nee* Gruner. Plaintiff, who garnished Altman, claims that the alleged assignment was without consideration, and is fraudulent and void. The case was tried to the court, resulting in a decree finding that intervener was entitled to three hundred and fifty dollars, and the garnishee the remainder. Intervener appeals.—*Reversed.*

*P. S. Webster* for appellant.

*H. Michel* for appellee.

DEEMER, J.—From the petition of intervention and answer thereto (which are the only pleadings the record contains), and from the decree rendered by the trial court, we gather the following facts: Plaintiff commenced action aided by attachment against Matha Biehl, nee Gruner, and caused one F. W. Altman to be garnished as a supposed debtor of said Biehl. In that action Jacob Biehl intervened, claiming that he owned the funds in the hands of the garnishee in virtue of an assignment from Martha Biehl. Plaintiff and intervener stipulated that there was in the hands of the garnishee the sum of five hundred dollars belonging to the estate of George Gruner, and that Martha Gruner, now Biehl, was his sole heir. The case between plaintiff and intervener was tried to the court on the issues joined, resulting in a decree directing the administrator to pay intervener the sum of three hundred and fifty dollars, and the remainder to the plaintiff. Intervener is the husband of Martha Biehl, and presents as assignment, regular on its face, of the funds in the hands of the garnishee. He is therefore entitled to recover, unless it be shown that said assignment is without consideration, and is fraudulent and void. It is difficult to understand the decree rendered by the trial court. Under the issues, it should have found that intervener was entitled to the whole of the fund or to none. There was no pleading that would justify an apportionment thereof between the parties to the litigation.

The case was tried as in equity, and will be so treated in this court. Intervener, then, must have judgment for the full amount of the fund, unless the allegations of fraud or want of consideration are established, and the burden of proving this defense is on the plaintiff. It appears from the evidence that Martha Gruner was a widow when she married Biehl. She had four children by a former marriage, and before her second marriage to Biehl she entered into a written contract with him, whereby she agreed, in consideration of her prospective marriage with him, to maintain the Gruner children, and that if Biehl should expend money on their behalf she should reimburse him. In the same contract Biehl agreed he would not claim any of the earnings of the children.

After the parties entered into the marriage status, Biehl advanced for one of the children the sum of four hundred and fifty dollars, and the assignment of the funds in controversy was made in consideration thereof.

There is no evidence of any fraud in the transaction save a single written declaration made by Mrs. Biehl, and this is equivocal in character and without date. Some hearsay evidence was introduced, but it was clearly incompetent. There were also some letters written by an attorney, but they were incompetent and immaterial. A letter written by Mrs. Biehl after the assignment was also produced, but, as this was a declaration of the assignor after she had parted with her interest, it cannot be considered. Moreover, there is no evidence that plaintiff held any claim against Mrs. Gruner, now Biehl, at the time the assignment was made; hence he is in no position to attack it. Intervener should have a decree finding him entitled to the fund in the hands of the garnishee, and the case is remanded for that purpose.—REVERSED.