HIBERNIA BANK AND TRUST COMPANY *v.* JOSHUA L. SMITH.

## [42 South. Rep., 345.]

1. PROMISSORY NOTES. *Indorsements. Effect. Actions on. Evidence.*

   The signature of the endorser not being denied under oath, a plaintiff, being the holder of an endorsed promissory note, is entitled, without other evidence of his ownership, to offer it in evidence, and by so doing makes out *prima facie* his right to recover on the note.

2. SAME. *Pleading. Delivery.*

   An averment in a declaration that a promissory note had been "by endorsement transferred and assigned to plaintiff" imports a delivery and is sufficient to show plaintiff's ownership of the note.

3. SAME. *Demand at place of payment.*

   It is not a defense to a suit upon a promissory note payable at a bank that the holder failed to demand payment there; but if the maker provided for its payment there at maturity and his money was there and remained there for payment, he should be relieved from interest after maturity and court costs.

FROM the circuit court of, second district, Bolivar county. HON. A. McC. KIMBROUGH, Judge.

The Hibernia Bank and Trust Company, the appellant, was plaintiff in the court below; Smith, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The suit was upon a promissory note which, the declaration averred, was by endorsement "transferred and assigned" to plaintiff. Upon the trial the plaintiff offered the note in evidence and rested. The defendant then moved to exclude the evidence on the ground that it was not shown that plaintiff owned the note or was its holder. There was no plea denying under oath the signatures of the makers or endorsers of the note. The court below sustained the motion, and peremptorily instructed the jury to find for the defendant.

*Roberson & Allen,* for appellant.

The note sued upon is payable to the Bolivar County Bank, or bearer, and is not, therefore, within our anti-commercial statute. *Craig* v. *Vicksburg,* 31 Miss., 216; *Stokes* v. *Winslow,* 31 Miss., 518; *Mercier* v. *Cotton,* 34 Miss., 64; *Winstead* v *Davis,* 40 Miss., 785.

Not coming within this statute, then, they are subject to all of the incidents of common law negotiable instruments.

At the trial of these cases, after reading to the jury the note payable to the Bolivar County Bank, or bearer, and the endorsement in blank by the cashier of the Bolivar County Bank, plaintiff rested its case. Defendant moved to exclude because plaintiff had failed to show that it was the owner of the note in suit. The title to these notes, since they are negotiable as at common law, could have passed by mere delivery, unaccompanied by any written endorsement. Being by express terms made payable to bearer, plaintiff made out a *prima facie* right to recovery thereon by introducing the notes in evidence. *Smith* v. *Prestidge,* 6 Smed. & M., 481; *Netterville* v. *Stevens,* 2 How. (Miss.), 642.

Possession of a negotiable promissory note, duly endorsed, *prima facie* implies title and casts upon the other party the burden of showing that plaintiff is not entitled to recover upon it.

The holder of negotiable paper endorsed to him is presumed to have a *bona fide* title to, and to have paid value for it, and the burden of showing to the contrary is upon him who sets up defense against it. *Harrison* v. *Pike,* 48 Miss., 46.

The fact that a negotiable promissory note is payable at a particular bank does not constitute that bank the agent of the holder to receive the money; the payee chooses his own agent, and may send the item to the bank designated therein, or to any other, as he may prefer. 3 Am. & Eng. Ency. Law (2d ed.), 803.

The making of a note payable at a particular bank does not constitute such bank the agent of the holder to receive payment, unless it has actual possession of the same. A payment to such bank, therefore, of the amount of the note which is there payable, but which has not been left or presented there, is not satisfaction thereof, for the bank in such cases is the agent of the maker, and not of the payee. 7 Cyc., 1035.

If this be true as between payee and maker, a *fortiori* must it be true as between maker and subsequent endorsee.

The answer to the second inquiry is, therefore, that the bank at which a note is payable, if such note be not presented there, is not the agent of the holder to receive payment, but, on the contrary, it is agent of the maker.

The failure of plaintiff to present the notes at the Bolivar County Bank, instead of exhibiting negligence on its part, shows evidence of great foresight.

Can the maker of a negotiable promissory note complain of failure to present the note for payment at maturity? The maker has received value for his note, and it would be the height of injustice to excuse him from repaying money borrowed merely because the note is not presented on the date of its maturity. The answer to this inquiry is found in *Hardy* v. *Pilcher,* 57 Miss., 18.

In the absence of statute, presentment or demand is not necessary to hold the maker or accepter of a promissory note or bill of exchange. 7 Cyc., 963.

*Moore, Sillers & Owen,* and *Alexander & Alexander,* for appellee.

It is only holders for value who can claim recovery on a note payable to bearer. *Meggett* v. *Baum,* 57 Miss., 22; *Hart* v. *Taylor,* 70 Miss., 655.

Furthermore, neither in the declaration nor any replication is there anything to show that the notes were not assigned to the plaintiff as collateral for a preëxisting debt. See *Allen* v. *Brat-*

*ton,* 47 Miss., 119; *Money* v. *Ricketts,* 62 Miss., 209; *Duke* v. *Clarke,* 58 Miss., 465; *Webster* v. *Van Steenburg,* 46 Barb., 312; *Chesbrough* v. *Wright,* 41 Barb., 28; *Ontario Bank* v. *Worthington,* 12 Wend., 600; Daniel on Negotiable Instruments (3d ed.), vol. 1, p. 784.

It seems to us that there can be very little controversy on the question that plaintiff had to show title to the notes in suit. Plaintiff must show title to the bill or note in suit, or privity between himself and defendant or that as the holder thereof he has the legal right to maintain the action and recover thereon, by averments which if proved will establish that right to the exclusion of the idea of ownership in another. 8 Cyc., 119, and numerous cases there referred to.

Moreover the declarations allege endorsement. The law as to negotiable instruments, outside of the anti-commercial statute, is that when an endorsement is alleged it must be proved. 8 Cyc., 122, quoting *Wayman* v. *Ben,* 1 Campbell, 175.

The mere reading of the endorsement on the back of the notes cannot in all cases be considered as positive proof of the instrument.

CALHOON, J., delivered the opinion of the court.

When the holder of a note sues on it he need not prove the endorsement signature any more than the signature of the maker of it unless denied by plea under oath. *Kendrick* v. *Kyle,* 78 Miss., 279. The declaration is good enough. The "allegation of endorsement imports delivery." 8 Cyc., 119 (9 and note). The plaintiff below, when he produced the paper endorsed, must be held properly in possession until the contrary is shown. Because the note was made payable at a particular bank did not necessitate a demand of payment there. *Washington* v. *Planter's Bank,* 1 How., 230; *Cook* v. *Martin,* 5 Smed. & M., 393; 4 Ency. Law, 393; 28 Am. Dec., 335. Undoubtedly, however, if pleaded that the money was there and remained there for payment, and so proved, it would be treated

as a tender and stop interest and costs. When plaintiff offered the note, with its endorsement, he made out a *prima facie* case, and, we think, it was error to exclude.

*Reversed and remanded.*