[Civil No. 2593. Filed November 21, 1927.]

[261 Pac. 45.]

BABBITT BROTHERS TRADING COMPANY, a Corporation, Plaintiff-Appellant, v. THE FIRST NATIONAL BANK OF FLAGSTAFF, a Corporation, Defendant-Garnishee, and THE WAR FINANCE CORPORATION, a Corporation, Intervener-Appellee.

Mr. C. B. Wilson, for Appellant.

Messrs. Norris, Norris & Flynn, for Appellee.

ROSS, C. J.—On September 2, 1924, appellant, Babbitt Brothers Trading Company, brought suit in the superior court of Coconino county against the Live Stock & Agricultural Loan Company of New Mexico, a corporation, to recover judgment for $22,000, and at the same time caused to be issued a writ of garnishment against the First National Bank of Flagstaff, which was on that day duly served. In due course judgment was obtained against the principal debtor for the amount claimed. Garnishee bank filed an answer to the writ of garnishment, stating that on February 27th, 1924, it issued three certificates of deposit payable to the order of the defendant Live Stock & Agricultural Loan Company of New Mexico, one for $1,078, due September 1st, one for $3,234, due October 1st, and one for $3,234, due November 1st, 1924; that such being the facts it was

unable to answer whether it was indebted to the said Live Stock & Agricultural Loan Company of New Mexico. The War Finance Corporation, appellee herein, was permitted to intervene, and in its petition of intervention set out that "long prior to the first day of September, 1924, said certificates of deposit were duly and regularly assigned and indorsed" to it for value, and that it was the owner and holder of same; that the bank was therefore indebted to it and not to the Live Stock & Agricultural Loan Company of New Mexico.

To the petition of intervener, appellant filed answer, in which it denied that said certificates were ever assigned or indorsed to appellee, or that appellee was the owner or holder thereof, or that the garnishee was indebted to appellee on account of the certificates of deposit.

The case was submitted to the court upon an agreed statement of facts, and upon such statement the court rendered judgment in favor of the War Finance Corporation. The plaintiff has appealed.

The material facts as agreed upon, not already stated are: That before they were due the certificates of deposit were indorsed over by the payee to the El Paso branch of the Federal Reserve Bank of Dallas, Texas, as custodian for the War Finance Corporation, as collateral for loans that were being made by the War Finance Corporation to the defendant Live Stock & Agricultural Loan Company of New Mexico; that thereafter, and before their due dates, such certificates were indorsed over by the El Paso branch of the Federal Reserve Bank of Dallas to L. A. Hughes, receiver of the Live Stock & Agricultural Loan Company of New Mexico; that this last transfer was to Hughes, receiver, as agent for the War Finance Corporation and for the purpose of collection and not for the purpose of transferring any right, title or interest in the proceeds of the certifi-

cates, although this qualification is not represented in the indorsement; that plaintiff had no notice that the indorsement to Hughes was qualified, or that he as agent of the War Finance Corporation took the certificates for collection.

It appears from the pleadings and agreed statement of facts that the garnishee is merely a stakeholder of the funds of the rightful owner, whoever that may be. The certificates of deposit were in form negotiable instruments, and under the law governing such instruments the rights of the appellant and appellee must be determined. The holder in due course of a negotiable instrument is a person who, in good faith and for value, becomes such before the paper is overdue, and without notice of any defect of title or infirmities in the instrument, if any there be. Paragraph 4197, Civil Code of 1913. Any such instrument is negotiated when payable to order, as here, by the written indorsement of the holder completed by the delivery. Paragraphs 4175 and 4176, Id. The agreed facts show a proper indorsement by the payee, Live Stock & Agricultural Loan Company of New Mexico, to the El Paso branch of the Federal Reserve Bank of Dallas, Texas; but it is contended that such indorsement does not import delivery, and, further, that the agreed facts fail to show that there was delivery in fact. Mere indorsement by the holder without delivery will not transfer the title of negotiable paper. There must be a delivery to the indorsee, or to someone for him, to effect a change of title. In pleading the rule seems to be well settled that the simple allegation that the note was by the payee, or holder, indorsed, is sufficient as against a demurrer, implying as it does a delivery. *Louisville Coal Min. Co.* v. *International Trust Co.*, 18 Colo. App. 345, 71 Pac. 898; *Trask* v. *Karrick*, 87 Vt. 451, 89 Atl. 472; *Hi-*

*bernia Bank & Trust Co.* v. *Smith*, 89 Miss. 298, 42 South. 345.

"Indorsement," as defined by the statute, "means an indorsement completed by delivery." Paragraph 4335, Civil Code of 1913. The appellant concedes the correctness of the rule in pleading, but questions it when applied to evidentiary statements. However, we think that an exception to the evidence showing that the instruments were "indorsed over," like a demurrer to a pleading that alleges the indorsement of a note sued on, admits that the note was in fact delivered.

But, if this is not the correct rule, it seems to us the agreed facts conclusively show that appellee had the certificates in its possession, else how could the El Paso branch of the Federal Reserve Bank have transferred such certificates to Hughes by indorsement? That such it did is plain, and that it could not have done so unless the certificates had been delivered to it seems certain.

It is contended that there was a variance between the pleadings and the proof in that the former alleges ownership in the appellee, whereas the latter showed appellee to be only a pledgee of the certificates. The pledgee of a negotiable instrument is the conditional owner of the paper as between himself and the pledgor, but as to the rest of the world, including the maker, he is the absolute owner. *Fox* v. *Harrison Nat. Bank*, 6 Kan. App. 682, 50 Pac. 458; *Roach* v. *Halvorson*, 127 Minn. 113, 148 N. W. 1080. In the last case it is said:

"The holder of a negotiable promissory note, delivered to him by the payee as collateral security, in the usual course of business for value and before maturity, stands in the same position as an unconditional indorsee, and is presumed to be a *bona fide* holder."

While in the absence of a special power of sale in the contract (pars. 4143 and 4144, Civ. Code 1913) the holder cannot sell the collateral he may bring suit thereon and upon its collection apply the proceeds to the payment of the secured debt, accounting to the pledgor for any balance. 21 R. C. L. 670, § 32. Whether after the War Finance Corporation debt was paid there would have been any balance coming to the pledgor is not made to appear. That was not made an issue, the contention of appellant being that the certificates were not assigned or indorsed to appellee and that the appellee was not the holder in due course. On the issues thus made, it conclusively appears that appellee was the holder in due course of such paper, and as such entitled to maintain the action and recover the whole of the debt from the maker of certificates.

It is next contended that the agreed facts do not show that appellee paid value for the certificates. The stipulation is that they were indorsed over "as collateral for loans that were being made by the War Finance Corporation to defendant" (Live Stock & Agricultural Loan Company of New Mexico). "Every holder is deemed *prima facie* to be a holder in due course. . . . " Paragraph 4204, Civil Code of 1913.

Appellee made out a case entitling it to recover on the certificates when it showed they had been indorsed and delivered to it. One contending that appellee paid no consideration for the certificates had the burden of overcoming this *prima facie* case. But it is said the pledge was "for loans that were being made" and not loans already made, and that from such language it cannot be determined if any loans were ever made upon such paper. This reasoning, while ingenious, is not compatible with the actual transaction as described by the agreed facts. If no loans were made, it is very improbable the

paper would have been indorsed and turned over to appellee. Besides, the words, "for loans that were being made," import a present mutual exchange. If no consideration was paid by appellee for the certificates, it was incumbent on appellant to establish that fact.

"One attaching a fund has the burden, as against an assignee thereof who intervenes, of proving fraud or want of consideration." Headnote No. 1 in *Reinicke* v. *Gruner,* 111 Iowa 731, 82 N. W. 900.

See, also, *Wells* v. *Guaranty State Bank,* 56 Okl. 688, 156 Pac. 896.

Finally, it is said, the indorsement to Hughes, he being at the time the receiver of the payee, the Live Stock & Agricultural Loan Company of New Mexico, reinvested the title to the certificates in the latter. If this indorsement had been unqualified we think the presumption would follow that it was made for the purpose of retransferring the title of the certificates to the Live Stock & Agricultural Loan Company of New Mexico, but it is stipulated that such transfer was made to Hughes, receiver, as agent for the appellee and for the purpose of collection and not for the purpose of transferring any right, title, or interest in the proceeds of the certificates. If, contrary to the intention of the parties, the transfer of the paper to the receiver as agent for collection invested the title in his principal, then the contention of appellant should be upheld. But we know of no law, and appellant has directed our attention to none, to that effect. That Hughes took the paper from the appellee and as its agent and for the purpose of collection only, and not in his official capacity as receiver of the Live Stock & Agricultural Loan Company of New Mexico, is settled beyond peradventure by the agreed facts of the parties hereto, and it is difficult to see how the

contrary contention can be urged, much less considered.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.