BLACK, SIVALLS & BRLSON, Inc. v. FARRELL et al.

No. 18056. Opinion Filed April 24, 1928.

Rehearing Denied June 26, 1928.

(Syllabus.)

1. Attachment—Trial on Sole Ground of Nonresidence of Defendant—Discharge of Attachment for Failure of Evidence.

Where plaintiff attaches, on various grounds set out in affidavit therefor, certain real property alleged to belong to defendant, but at the trial between the original parties and also interveners (the latter claiming possession and ownership of said property as purchasers from defendant), and where all parties and interveners try the case upon the theory that plaintiff's sole ground of attachment is nonresidence of defendant, and the evidence being substantially confined to that issue, and, a jury having been waived, the court finds that issue against the plaintiff, upon evidence ample to support the finding, the attachment should be discharged.

2. Appeal and Error—Theory of Case as Tried Binding on Appeal.

Where parties adopt and try their case upon a certain theory in the trial court, it will be tried on the same theory in the appellate court.

3. Trial—Findings of Fact and Conclusions of Law—Time for Request—Sufficiency of Compliance by Court.

A request to the court to make findings of fact and conclusions of law, made after conclusion of the evidence, argument of counsel and the decision indicated, is not in apt time; nevertheless, if the court shall make findings of fact and conclusions of law passing correctly upon vital issues sufficient to become the predicate of the judgment rendered, a contention by the party making the request that the court refused to make such findings and conclusions is without merit.

4. Judgment Sustained.

Evidence examined, and held, that it supports the judgment.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Black, Sivalls & Bryson, Inc., against G. N. Wright; D. P. Farrell and G. W. Lavery intervened. Judgment for plaintiff against defendant on note; judgment for interveners for real property, and attachment thereon discharged. Plaintiff appeals. Affirmed.

M. A. Dennis, for plaintiff in error.

E. F. Maley, for defendants in error.

BENNETT, C. G. N. Wright was indorser on a certain promissory note for $1,000, dated August, 1924, and executed by Wright Produce & Refining Company to Black, Sivalls & Bryson, Inc. Said note provides for eight per cent. interest and customary attorney's fee upon default. This action was brought October 2, 1925, by owner of said note against said indorser, and an attachment issued against an undivided one-half interest in certain real property, to wit, southwest quarter of section 4, township 15 north, range 13 east, Okmulgee county, Okla.,

alleged to be property of said indorser. The attachment writ was issued under an affidavit of attorney for Black, Sivalls & Bryson, Inc., containing several grounds, but upon trial of case, all of these grounds were waived save only the one based upon allegation that defendant, Wright, was a non-resident, and the case proceeded on that theory. D. P. Farrell and G. W. Lavery intervened in the action, and by permission of court filed petition of intervention setting out that they were owners and in possession of the property attached on and prior to 2nd day of October, 1925, when the writ of attachment was levied, and that they purchased said land from board of county commissioners of Okmulgee county, and received and recorded therefor a deed September 10, 1925, and under which said interveners entered into possession of said lands, and have ever since remained in possession and control thereof; and that on September 12, 1925, these interveners purchased the undivided one-half interest in said land then owned by R. J. Allison, Ida E. Allison, and R. J. Allison, Jr., which purchase was represented by a warranty deed recorded September 14, 1925, and that on September 11, 1925, G. N. Wright and Eliza M. Wright, his wife, by general warranty deed, for a good and valuable consideration, sold, transferred and delivered to these interveners, all their right, title and interest in and to said land, copies of all of which deeds are attached to petition in intervention marked, respectively, exhibits "A", "B", and "C", and made part thereof. Interveners further allege that plaintiffs, long prior to the attempted attachment herein, knew that these interveners owned said lands: interveners allege also that the attachment sued out by plaintiff was based upon the alleged fact that G. N. Wright was a nonresident, when in truth and in fact he was a resident of Tulsa county, Okla., on the date of attachment, to wit, October 2, 1925, and had been such resident for many years, and that said plaintiff, in such attachment proceeding, failed and neglected to file necessary bond as required by section 342, C. O. S. 1921; that no bond was ever filed, and for these reasons the attachment was void. There was a reply by way of general denial on the part of plaintiff.

G. N. Wright filed answer consisting of general denial, and specially denying that he was a nonresident of Oklahoma on October 2, 1925, or at time of publication of summons herein. He further alleges that plaintiff failed to file bond required in attachment cases, and also denies each and all of the ten grounds set out in the affidavit as grounds for attachment of the property, and says plaintiff had no right to attach same. There was a reply by plaintiff consisting of a general denial, and in addition plaintiff sets out that subsequent to filing of this action, defendant, G. N. Wright, attempted to convey the premises described to G. W. Lavery and D. P. Farrell, and that the conveyance is a fraud upon the rights of the plaintiff, and should be canceled, set aside and held for naught, and that the said grantees are not innocent purchasers for value and without notice. Upon trial of the case the jury was sworn and the note sued on by plaintiff was identified and offered in evidence.

The trial was begun on November 23rd, and it seems after introduction of the note, the court indicated that since the answer of G. N. Wright was not verified, he would hold that plaintiff was entitled to recover on said note, and thereupon directed a verdict in favor of plaintiff upon same over objection and exception of Wright. As to all other matters, the parties waived a jury trial, and the hearing was continued over until December 1st, on which date same was resumed. As the liability of defendant Wright had been adjudged on the note, but no evidence introduced or judgment entered as to the attachment, the court, in opening the trial, indicated to interveners that, because they were attacking the attachment, the burden should be upon them with the additional statement that this was simply a continuation of the trial had on November 23rd, and that the record made as of that date would be considered a part of the record on this hearing. There was much evidence introduced by parties, including the testimony of divers witnesses on part of interveners, and testimony of interveners themselves, and also witnesses on part of plaintiff, including testimony of plaintiff's counsel.

It becomes important now to determine just the theory upon which the case was tried at this latter hearing, for, as indicated above, no evidence had been taken on the question of validity of attachment on the part of either litigant, and that was a matter of vital imporance in the lawsuit. Counsel for plaintiff made his theory entirely clear during his testimony, which may be found at record, pages 193 and 194. He said, in substance, the only ground on which the plaintiff is claiming the attachment to be valid is that defendant, Wright, was at the time of the attachment a nonresident of the state of Oklahoma, and in answer to

a question by interveners' attorney, he made the following statement:

"I admit that if he (Wright) should be a resident of the state, the attachment would be void, for the reason we gave no bond, and I am standing on the point that he is a nonresident."

This question was also asked him:

"Q. The only ground that the plaintiff is claiming the attachment is valid, is that he (Wright) is a nonresident of the state? A. Yes, sir."

This gauge of battle seems to have been accepted by the adverse parties, and practically the entire evidence was directed towards this point. At the conclusion of evidence, and after argument of attorneys, plaintiff's attorney requested the court to make findings of fact and conclusions of law. The court indicated that since request did not come until after court had indicated its judgment, plaintiff was not entitled thereto; and if this statement of the court was true, the position of the court was unassailable under German State Bank of Elk City v. Ptachek, 67 Okla. 176, 169 Pac. 1094. And that the court was correct in his statement that the request came too late (after the court had indicated its decision), is clearly indicated by the journal entry which was O. K.'d by the attorney for plaintiffs, which contains these words:

"Plaintiff, thereupon. in open court, before the rendition of judgment, and after the court had indicated its decision, requested the court to make special findings of fact and conclusions of law, separately, in writing, which request the court refused on the grounds plaintiff made the request after the court had indicated its decision. * * *"

But the court, upon second thought, decided to make findings of fact and conclusions of law as requested, and made and dictated into the record the following findings of fact and conclusions of law:

"The court finds from the evidence that on the 2nd day of October, 1925, the day on which the plaintiff's attachment was levied upon the property in question, the defendant, G. N. Wright, was a resident of the city of Tulsa, Okla., and for that reason the court finds that the attachment is void against the property in question.

"The court further finds that the attachment was void by reason of the fact that no bond was given by the plaintiff before procuring the attachment.

"The court further finds from the evidence, that, on the 2nd day of October, 1925, the defendant, G. N. Wright had no attachable interest in said property upon which the plaintiff had a right to levy, by

reason of a tax deed given by Okmulgee county to the interveners herein, on September 9, 1925, and filed on September 10, 1925.

"The court further finds that on October 2, 1925, the day on which the attachment was levied, the defendant G. N. Wright had no attachable interest in the property by reason of a deed·given by G. N. Wright and his wife to the interveners herein on the 15th day of September, 1925, filed October 20, 1925.

"The court further finds that the interveners herein purchased said property from the defendant G. N. Wright in good faith.

"The court therefore finds, as a matter of law, all the issues for the interveners herein, and finds that the attachment of the plaintiff should be discharged.

"Mr. Maley: Vacated.

"The Court: Vacated. The court concludes, as a matter of law, that the attachment issued and served on this property on October 2, 1925, be quashed, set aside, and held for naught; that the interveners be adjudged the owners of said land, and that the plaintiff and all parties holding through it, be restrained from interfering with the possession of said land in the interveners. To all of which the plaintiff excepts, and exception allowed."

The trial of the case upon the theory that all depended upon whether or not Wright was a resident or nonresident of the state at the time of the attachment, October 2. 1925, was tried wide open. All manner of evidence—oral, documentary, competent, incompetent, rumor and hearsay—was thrown in. The court, upon numerous occasions, indicated, and the attorneys knew, that much of this testimony was incompetent and improper. A rather feeble effort was made to keep some of it out, but since each party sought to avail himself of the same kind of proof, the effort was not strenuous. However, it must be stated that much of the evidence was competent and perfectly proper in all respects. It left the issue clean-cut for the determination of the court as to whether Wright was a resident or nonresident at the time of the attachment. This was the pivotal point around which the lawsuit waged. The court, upon consideration of the evidence, found that Wright was a resident of Tulsa, Okla., at the time referred to, and there is ample evidence in the case to support the finding, and we hold, therefore, that the plaintiff's attachment was properly discharged and vacated. We consider this sufficient to dispose of the case. We might, however, add the following brief discussion of the several assignments of plaintiff in error.

1. That interveners' right in the property, however acquired, was subject to the superior right of plaintiff under its attachment lien. The answer to this contention is that plaintiff secured no attachment lien, since the attachment failed.

2. The second assignment is that the court erred in refusing to make findings of fact, etc. Under the facts, we are in doubt as to the duty of the court to make findings of fact, but, in any event, the findings were amply sufficient to dispose of the case. In fact, his first finding, to wit, that Wright was a resident of the state of Oklahoma on the date of the attachment, was sufficient for that purpose.

3. That the court erred in holding that interveners acquired some right or title under the tax deed. That assignment is manifestly unimportant under the findings.

4. Plaintiff assigns error by the court in holding that interveners acquired some title or right by virtue of the deed from one George E. Bombard. The court made no such finding.

5. The court erred in holding that G. N. Wright was a resident of Oklahoma October 2, 1925. That was the determinative issue in the cause under the theory not only of the court, but also of the parties, and there was ample evidence to support the finding.

6. The court erred in holding that G. N. Wright owned no interest in the property attached. The holding on this question, whatever it was or might have been, could not have helped plaintiff, since plaintiff had no right in the property, except by the attachment, and the attachment failed.

7. The court erred in holding D. P. Farrell and G. W. Lavery innocent purchasers of the property. The court did not so hold, but simply that they were purchasers in good faith. The proof on this is practically uncontradicted, and we are bound by the finding.

8. The trial court erred in discharging plaintiff's attachment and holding the same to be void. Plaintiff, through its counsel, admitted that if Wright were a resident, its attachment was void. The court found that Wright was a resident, and we can see, therefore, no merit in plaintiff's last assignment.

The judgment of the court, we think, might be sustained even on other grounds. In Waples on Attachment, sec. 849, we find the following:

"The burden of proof is generally upon the purchaser who bought of defendant before the levy when he intervenes to claim the property. If the attaching creditor admits the purchase by the intervener, but charges fraud, he has the burden." Citing Morgan v. Wood, 38 Mo. App. 255: Stephens v. Oppenheimer, 45 Ark. 492; Lahitte v. Frere, 42 La. Ann. 864, 8 South. 598.

In the case of Wells v. Guaranty State Bank, 56 Okla. 688, 156 Pac. 896, the court, in the third paragraph of the syllabus, says:

"The burden of proof is generally upon the purchaser who bought of defendant before the levy when he intervenes to claim the property or institutes an independent action therefor, but, if the attaching creditor alleges or admits the purchase by the intervener and charges fraud, he has the burden."

In this connection it will be remembered that plaintiff in its pleading to the petition of interveners alleged that interveners had taken title from G. N. Wright, but that the same was in fraud of the rights of plaintiff, and the same should be canceled. It appears also that the interveners were in possession of this property. The rule laid down in 4 Cyc., p. 743, is as follows:

"Where a party interpleads or institutes an independent action claiming a right in the property superior to that of the attaching creditor, the burden is, as a rule, upon him to establish the validity of his claim. By statute, however, if claimant is in possession at the time of the levy, the burden has been placed upon the attaching party; and in some states the statutes impose upon the attaching creditor the duty of introducing evidence showing prima facie ownership in the debtor and that it was subject to levy, whereupon the burden of proof shifts to claimant to establish his claim. If, however, the transfer of the property to the interpleader is admitted, and fraud is alleged to avoid such conveyance, the burden of proof is upon the party so alleging." Reinecke v. Gruner, 111 Iowa, 731, 82 N. W. 900; M. T. I. Co. v. Ritchie, 143 Mo. 587, 45 S. W. 634; Ellis v. Valentine, 65 Tex. 532.

The above cases are referred to with approval in Wells v. Guaranty State Bank, supra. There was no proof that interveners' purchase was a fraud, and the finding of the court that they purchased in good faith is conclusive.

We see no superior equity in favor of plaintiff in this case. According to the undisputed testimony interveners had bought this property for $500 from Wright almost a month before the attachment and deed conveying the property had been executed by Wright to interveners and sent to Tulsa

for delivery to them, but the party to whom it was sent was away in Texas and did not deliver the same promptly. It might be inferred from the testimony that the deed was delivered to this Tulsa party for interveners as their agent since there is no proof to the contrary. If the evidence of interveners is to be taken at face, plaintiff's attorney was notified, before attaching, that interveners had bought this property, not only at resale from the county, but also from the defendant, and that he had made his deed to them for the same, and that same was then in Tulsa. All this, together with the record, and the possession of the property, should have put them on notice of interveners' rights and claims in the premises. We find no reversible error, and hence the judgment of the trial court is in all things affirmed.

TEEHEE, LEACH, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 730, §625; 4 C. J. p. 878, §2853; 2 R. C. L. p. 816; 5 R. C. L. Supp. p. 112. (2) 4 C. J. p. 662, §2556; 2 R. C. L. p. 133; 1 R. C. L. Supp. p. 428; 4 R. C. L. Supp. p. 89; 5 R. C. L. Supp. p. 78. (3) 4 R. C. L. p. 1058, §3042; 38 Cyc. p. 1959; 26 R. C. L. p. 1088; 6 R. C. L. Supp. p. 1583. (4) 4 C. J. p. 1129, §3122; 6 C. J. p. 454, § 1051.